## SPEAR v. FITCHPATRICK.

Judgment: RENDERED IN VACATION. A judgment rendered in vacation, without consent of the parties, and in the absence of any order made during the term therefor, is invalid.

*Appeal from Story Circuit Court.*

FRIDAY, SEPTEMBER 19.

THIS is a summary proceeding by motion to compel the defendant Fitchpatrick, who is clerk of the court, to pay over money received by him. The facts are, that April 12, 1870, G. A. Kellogg recovered judgment against A. L. Spear, admr., etc., in the Marshall district court, for $218.97; a transcript of this judgment was filed as a claim against the estate of Joseph Bates, Sen., of which A. L. Spear was administrator in the circuit court clerk's office, of Boone county, where administration was granted; and on the hearing, December 7, 1870, the court ordered the administrator " to pay said Kellogg's claim out of any money in his hands belonging to said estate;" which order was certified to and filed with the defendant herein as clerk of the circuit court of Story county. Afterward, the

defendant, as clerk, having funds in his hands belonging and due to the said estate, paid out $132.50 thereof, to the said G. A. Kellogg, supposing it was his duty so to do under the order of the Boone circuit court, filed with him as aforesaid, and took the receipt of said Kellogg therefor.

Afterward, and at the September term, 1872, of the circuit court for Story county, the plaintiff herein, who was defendant in said judgment in favor of Kellogg, A. L. Spear, administrator, etc., made a resolution to require the defendant herein, clerk as aforesaid, to pay said money, $132.50, which he had already paid to Kellogg, over to him; and supported the same by affidavit showing that there were other and preferred claims against said estate which were unpaid, and that the money was needed to pay them. This was resisted by counter affidavits. The court took the motion with said affidavits under advisement, and thereupon the court adjourned *sine die.* Sometime afterward, and in vacation, the plaintiff in the motion filed additional affidavits, and thereupon and in vacation, the court sustained the motion and ordered the defendant to pay over the money to Spear, administrator, etc., and directed the clerk to make the entry *nunc pro tunc.* The defendant appeals.

*Dana & Balliette* for the appellant.

*Hull & Ramsey* for the appellee.

COLE, J. — It clearly appears from the statement of the case in the abstract, and also from the bill of exceptions signed by the judge, that the judgment in this case was rendered and entered in vacation, and there is no showing of any consent by the parties, or of any order made during term therefor. In such case and without regard to the merits, it is our duty to reverse the judgment; this point was directly so ruled and acted upon in *Townsley* v. *Morehead,* 9 Iowa, 565; see, also, as bearing upon the point indirectly, *Luse* v. *The City of Des Moines,* 22 id. 590; *Rowley & Co.* v. *Baugh, Mayor, etc.,* 33 id. 201.                                                           Reversed.