## BRAINARD V. SIMMONS ET AL.

1. **Practice**: BILL OF EXCEPTIONS: ANSWER OF GARNISHEE. Appellant's abstract set out what purported to be the answers of the garnishee, and stated that judgment was rendered upon such answers. The appellees by an amended abstract denied these facts, and further stated that no bill of exceptions was filed. *Held*, that this statement as to the want of a bill of exceptions, not being denied by appellant, must be taken as true; that the answer of the garnishee is not in the nature of a pleading, but must be regarded as evidence; and that it must be preserved and identified by a bill of exceptions the same as other evidence in order to make it a matter of record.

2. ———: ———: ———: ON REHEARING. The answer of a garnishee to interrogatories propounded to him cannot be regarded as a pleading, and it can be presented to this court only when made a part of the record by a bill of exceptions. ROTHROCK, J., *dissenting*.

*Appeal from Clarke District Court.*

### WEDNESDAY, JUNE 7.

THE plaintiff's having obtained judgment against the defendant, Edward Pennell, garnished Simmons as the debtor of Pennell. A commissioner was appointed who took his answer. Afterwards, upon motion of the plaintiffs, the court rendered judgment against the garnishee. He now appeals.

*M. L. Temple*, for appellant.

*Wilson Bros.*, for appellees.

ADAMS, CH. J.—The appellant's abstract sets out what purports to be the answer of the garnishee, and states that
1. PRACTICE: the court rendered judgment upon such answer.
bill of exceptions: answer of garnishee. The appellees file an amended abstract in which they deny that any portion of appellant's abstract is correct, and deny that it contains the evidence upon which the judgment was rendered.

In addition to that they state that no bill of exceptions was ever filed, and that no bill of exceptions or certificate of

the evidence was' ever signed by the trial judge, and that it is impossible for the appellant to identify the evidence. This statement not being denied must be taken as true.

The appellant has evidently proceeded upon the theory that the judgment was rendered upon the garnishee's answer alone, and that no bill of exceptions was necessary.

His abstract sets out what he claims is the record entry, which shows that the judgment was rendered upon the answer of the garnishee. If its correctness had not been denied by the appellees in an amended abstract, we should take the record as set out to be correct, and assume that the judgment was rendered solely upon the answer of the garnishee; and if it had not been stated by appellees in an amended abstract that no bill of exceptions was filed, we should have assumed that a bill of exceptions was filed if necessary.

We assume from the amended abstract, in the absence of a transcript, that there was no bill of exceptions, and we think a bill of exceptions was necessary.

It would not be enough for us to assume or know that the judgment was rendered solely upon the answer of the garnishee. It would still be necessary to know what the answer of the garnishee was. Now, if the answer had been made a part of the record, and the abstract purported to show it fully (and we are not prepared to say that it does not), it would not have been sufficient for the appellees to simply deny that it is correctly set out. It would have been necessary for them by an amended abstract to show wherein it was not correctly set out, and show what the true answer was. But they cannot be required to show what is not of record.

The appellant in assuming that the answer was a part of the record, must have assumed that it was in the nature of a pleading. In our opinion it should be regarded as evidence. The statute provides that the notice to the garnishee must require him to appear in court, and answer such interrogatories as may then be propounded to him. Code, § 2979. If he appears he is entitled to the pay and mileage of a witness.

Brainard v. Simmons.

Code, § 2983. And he may demand his fees and mileage at the time he is summoned. *Westphal v. Clark*, 42 Iowa, 371. It is not sufficient for him simply to draw and file an answer denying all indebtedness, however full and explicit the answer may be. It is the right of the garnishing creditor to subject the garnishee to an examination in court, and elicit by apt questions, the circumstantial as well as the ultimate facts, if there are any, tending to show the indebtedness of the garnishee to the principal debtor. An answer denying all indebtedness, simply drawn and filed as if it were a pleading, may on motion be stricken from the files, as being drawn and filed without authority of law. *Penn v. Pelan*, 52 Iowa, 536. If such paper could be recognized it would prevent the garnishing creditor from obtaining judgment, and it is his right to have judgment if the garnishee, having been duly summoned and his fees tendered, if demanded, fails to appear and answer the interrogatories propounded to him.

Regarding then the answer of the garnishee as evidence, there is the same necessity for its proper preservation and identification that there is of any other evidence, where any question depending thereon is to be reviewed upon appeal.

The questions raised by the appellant garnishee in this case all depend upon his answer. But we cannot take notice of what he claims to be the answer without such authentication as the law provides, to-wit: a bill of exceptions.

AFFIRMED.

### OPINION ON REHEARING.

DAY, J.—Upon the petition of the garnishee herein, a rehearing was granted. The garnishee questions the correctness of the position maintained in the foregoing opinion that the answer of a garnishee is to be regarded as evidence, and insists that such answer is to be regarded as a pleading. "Pleadings are the mutual altercations between the plaintiff and defendant." 3 Bl. Com., 293. "Pleading is

the statement in a logical and legal form of the facts which constitute the plaintiff's cause of action, or the defendant's ground of defense; it is the formal mode of alleging on the record that which would be the support or the defense of the party in evidence. 3 Bl. Com., 293n. Pleadings are designed to form an issue. The answer of a garnishee made to interrogatories does not perform that office. The summons to the garnishee does not necessarily contemplate the formation of an issue to be tried. If the answers of the garnishee show that he is indebted to the principal defendant, judgment is entered against him as a matter of course, upon the recovery of judgment against the principal defendant. If the answers of the garnishee show that he is not indebted to the principal defendant, no issue is presented for trial, but the garnishee is entitled to be discharged, unless the plaintiff, by pleading by him filed, controverts the answer of the garnishee. Upon the pleading thus filed by the plaintiff issue may be joined, and then a question is presented for adjudication which is to be tried in the usual manner. Code, § 2987. If an answer is filed whereby an issue of fact is joined, the answer of the garnishee to the interrogatories may be read in evidence upon the trial of such issue. The object of an answer filed as a pleading is to set forth a defense. The answer of a garnishee may, and oftentimes does, contain a detailed statement of every fact and circumstance within the knowledge of the garnishee, tending to prove or to disprove the garnishee's indebtedness. In the case at bar the garnishee answered in the negative, before a commissioner, the three questions prescribed in the statute. He was then subjected to an examination by plaintiff's attorney in the nature of a cross-examination, in which one hundred and six questions were asked, eliciting all the details of his dealings with the principal defendant out of which it is claimed his indebtedness to him arose. He was then examined by his attorney, and subjected to a further cross-examination by plaintiff's attorney. To regard such an answer as a pleading does violence to all proper idea of a pleading. Such an answer

is neither in form nor substance drawn with any view to the proper presentation of an issue to be tried. Pleadings so far as they contain affirmative allegations should present simply the allegations to be proven, and not the facts by which they are to be established. It seems to us quite clear that the answer of a garnishee to interrogatories cannot be regarded as a pleading, and that it can be presented to this court only when made a part of the record by a bill of exceptions. The opinion heretofore filed is adheared to.

AFFIRMED.

ROTHROCK, J., *dissenting*.—The ground of the foregoing opinion is, that the answer of the garnishee should be preserved by a bill of exceptions, because such answer is not a pleading, but is merely evidence. In my opinion it partakes of the nature of both pleading and evidence.

The answer of the garnishee is controverted by a pleading filed by the opposite party. Code, § 2987. In that case of course the pleading of the opposite party must deny or controvert the fact statements of the answer of the garnishee, and in any event, whether controverted or not, the answer of the garnishee stands as his pleading. It is not the less so, because the statute also makes his answer evidence on the trial.

But this question should not be determined upon technical definitions of what are, and what are not, pleadings. The majority of the court appear to be of the opinion that if the answer of the garnishee be not a pleading, it should be incorporated in a bill of exceptions. In my opioion this is not the test as to the necessity for a bill of exceptions. The office of a bill of exceptions is to make that of record which does not otherwise so appear. The records "consist of the original papers constituting the causes adjudicated," and the books provided for in section 197 of the Code. Now the answer of the garnishee is his original paper, or pleading, and is just as much a part of the record, without a bill of exceptions, as the pleading controverting it or any other paper required to be filed in the case