Thomas Costello, Appellant, v. Michael Costello.

**Dismissal Secured by Failure to Disclose Facts:**    REINSTATEMENT.
1  Where plaintiff's attorney secured the dismissal of a cause without disclosing to the court that the case had formerly been tried and submitted to another judge, it was proper to set aside the dismissal and reinstate the cause.

**Appeal:**  REVIEW OF FINDINGS OF FACT.  Findings of fact of the
2  trial court have the effect of the verdict of a jury, and will not be reviewed on appeal.

*Appeal from Clinton District Court.*—Hon. A. J. House, Judge.

SATURDAY, DECEMBER 22, 1900.

ACTION on a promissory note. Defense, that the note was obtained by duress, and is without consideration. The case was tried to the court without the intervention of a jury, and from a judgment in defendant's favor plaintiff appeals. —*Affirmed.*

Dec. 1900]

COSTELLO v. COSTELLO.

579

*Hayes & Schuyler* for appellant.

*P. H. Judge* and *W. A. Cotton* for appellee.

WATERMAN, J.—The record discloses that the case was tried and submitted to the court on the twelfth day of April, 1898. Counsel for appellant insist that it was not finally submitted at that time, but that a right of argument was reserved. But we think the finding is justified that argument was waived, and the submission was final, and that the court at once announced its findings of fact, reserving some law points for further cansideration. Thereafter, in the absence of Judge House, and while Judge Wolfe was presiding, plaintiff's counsel, without informing the court of the facts we have stated, procured an order dismissing the cause. This order was afterwards set aside by Judge Wolfe upon a showing as to the condition of the record; and later a judgment was entered by Judge House in defendant's favor. Appellant's first complaint is of the action of the court in setting aside the order of dismissal. He was entitled to no such order after the submission of the case. *T'oof v. Foley,* 87 Iowa, 8; Code, section 3764. When the true state of affairs was brought to the attention of Judge Wolfe, it was his duty to set aside his previous order and reinstate the case.

II. Many objections to the admission of testimony are comprehended in the assignment of errors, but it cannot be said that any are argued. We have, however, examined the matters to which reference is made in the brief of appellant, and find no prejudicial error in the rulings of the court.

III. On the merits of the case it is sufficient to say that the finding of the court has the effect of the verdict of a jury. *Bowman v Sedgwick* (Iowa), (see foot note), 82 N. W. Rep. 491. Not only is there evidence to support the trial court's finding and judgment, but

NOTE—This was not officially reported.—*Reporter.*

there is none that would have sustained any other conclusion.
—AFFIRMED.