B. A. DOLAN, Appellant, v. JOHN SIMMONS, and TABER LUMBER COMPANY, Garnishee, Appellees.

**Garnishments:** ADJUDICATION. Where a justice in garnishment proceedings overruled a plea of exemption from garnishment, and upon writ of error the cause was sent back for another trial, the former order was not an adjudication of the question of exemption, but the whole case, under the order remanding the same, was for trial anew.

**Same:** WRIT OF ERROR: TRIAL *de novo.* Where the plaintiff in his reply to a garnishment proceeding denies defendant's claim that the sum due him is exempt, an issue is tendered which plaintiff is entitled to have tried, after the cause has been remanded to a justice upon writ of error for trial generally.

**Garnishment:** EXEMPTIONS: ADMISSIONS. An admission that a defendant in garnishment proceedings is a resident and head of a family is not sufficient to constitute an admission that the claim garnished is exempt; the admission must go further and concede that the debt is due for the personal earnings of defendant.

*Appeal from Lee District Court.*— HON. H. BANK, Judge.
                    TUESDAY, MARCH 17, 1908.

REHEARING DENIED THURSDAY, JULY 9, 1908.

APPEAL by plaintiff from order discharging garnishee of defendant.— *Reversed.*

*A. L. Parsons,* for appellant.

*F. T. Hughes* and *F. M. Billinger,* for defendant.

No appearance for garnishee.

WEAVER, J.— The record presented is quite confused, but, as we understand the case we have to consider, it is substantially as follows: The plaintiff obtained judgment against defendant before a justice of the peace, and under an execution issued thereon the Taber Lumber Company was summoned as garnishee and answered, showing it to be indebted to the defendant. The defendant moved to discharge the garnishee on the ground that the judgment against him was void for want of jurisdiction in the justice who rendered it, and that the debt due from the garnishee was for wages earned by him within ninety days prior thereto, and exempt to him as the head of a family. The justice held that the claim of exemption had not been made out, but sustained the plea attacking the validity of the judgment in plaintiff's favor, and ordered the garnishee discharged. The plaintiff thereupon obtained a writ of error from the district court for a review of the garnishment proceedings before the justice. In the district court, a motion by defendant to dismiss the proceeding and quash the writ being overruled, the court sustained the assignment of error, and ordered the cause remanded with direction to the justice to treat the original judgment against defendant as a valid judgment and to hear the garnishment proceedings anew, after due notice to the

parties. Thereafter the cause came on for hearing before said justice, when the defendant filed a pleading styled an " answer," alleging that he was a resident of the State, the head of a family, and that the sum garnished in the hands of the lumber company was due to him for wages earned within ninety days prior to the inception of the garnishment proceedings. To this, plaintiff replied, admitting defendant was a resident of the State and head of a family, and that the lumber company was indebted to him, but denied all other allegations, and entered a plea setting up the ruling of the justice on the question of exemption at the first hearing as a prior adjudication by which the parties were bound. On going to trial upon these issues, the plaintiff, relying upon his claim of prior adjudication, refused to offer any evidence except the record of the former hearing, but the justice decided that the decision of the district court had the effect to set aside the first proceeding, and to open up the matter of garnishment for a new trial. The plaintiff persisting in his refusal to offer other evidence, and in asserting the sufficiency of the original ruling on the question of exemption, the court, on motion of the defendant, again ordered the discharge of the garnishee, and taxed the costs to the plaintiff. Within due time the plaintiff appealed from this judgment to the district court. In the latter court defendant moved for judgment discharging the garnishee, because upon the issues made by the pleadings, and by the plaintiff's admissions therein, it conclusively appeared that he was entitled to such relief. This motion was sustained, and garnishee discharged, and plaintiff appeals to this court.

I. It is insisted that the ruling by the justice of the peace on the first hearing of the garnishment proceedings was an adjudication of the question of exemption which still

1. GARNISHMENT: adjudication. binds all of the parties to the case. There is no merit in the objection. It is true that upon the first hearing the justice made an entry overruling the plea of exemption, and granted the relief sought by the

defendant on the other ground assigned — that of the invalidity of the judgment. When, upon writ of error, said ruling was reversed by the district court, and the cause ordered back for trial, it did not go back simply for a new hearing on the alleged invalidity of the judgment, for that question had been settled by the judgment of the district court. It went back under an order directing the justice of the peace, in so many words, to proceed to try the case anew, as if the former order or judgment had never been made. Whether that was the proper order or judgment in such case is immaterial. It was not appealed from, and the justice of the peace on the second hearing, and the district court on appeal from the judgment so entered, committed no error in overruling the plea of prior adjudication.

II.   It is further insisted that, having made denial of defendant's alleged right to hold the sum due him exempt from execution, plaintiff was entitled to a trial on the merits, and that the dismissal of the cause on motion was error. We are reluctantly compelled to hold this point well taken. The insistence of the appellant upon his unfounded plea of prior adjudication doubtless served to obscure the fact that he had embodied a denial in his reply, and thus misled the court into a ruling which it would not otherwise have made.

*2. SAME: writ of error: trial de novo.*

The admission in the reply that defendant was a resident and the head of a family was not broad enough to be construed into an admission of the claimed exemption, for it did not concede the further essential fact that the debt was due for the personal earnings of the defendant. It appears, therefore, that · with the plea of prior adjudication eliminated the pleadings still presented an issue of fact to be tried, and the court therefore improperly sustained the motion to dismiss. We regret the necessity of remanding this case for further hearing, for all that was ever of value in the controversy must long since have been dissipated in cost and expense of a liti-

*3. GARNISHMENT: exemptions: admissions.*

gation. But we see no way to avoid the conclusion of error above noted.

A new trial must be ordered, and the judgment appealed from is therefore *reversed*.