JOHN SIMMONS, Appellee, v. B. A. DOLAN, Appellant.

Justice of peace: CONTINUANCE WITHOUT CONSENT: JUDGMENT: INVALIDITY. A default judgment rendered upon a date to which a cause pending before a justice was continued without the consent of defendant or his counsel is void.

**Same:** APPEAL: REMAND: LAW OF THE CASE.  Where there has been an affirmative holding on pleadings unchallenged both in the district court and on appeal, that a justice's judgment was valid, the holding is conclusive on a second trial.

**Appeal:** JUDGMENTS: PRESUMPTION AS TO VALIDITY.  Where no reason appears that the judgment of a justice was invalid, and the only proper ground on which the district court on appeal could have discharged the garnishee under the judgment was that the debt was exempt to defendant, it will be presumed on appeal to the supreme court that the district court property held the judgment valid.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR.,
Judge.

THURSDAY, FEBRUARY 11, 1909.

SUIT in equity to set aside a judgment obtained by defendant against the plaintiff before a justice of the peace of Lee County, Iowa, upon the ground that the justice had no jurisdiction of plaintiff herein.  Defendant filed a general denial, also pleaded a former adjudication, and interposed a plea in abatement based upon another action pending.  The trial court set aside the judgment, and defendant appeals.—*Reversed* and *remanded*

*A. L. Parsons* and *Bernard A. Dolan,* for appellant.

*F. T. Hughes* and *F. M. Ballinger,* for appellee.

DEEMER, J.—The action which resulted in the judgment which plaintiff seeks to have cancelled and set aside was commenced before a justice of the peace in May of the year 1905, and it was continued from time to time down to some time in August, when it was continued indefinitely.  It is claimed, and the justice's docket shows, that some time in the latter part of August the cause

was continued until August 28, 1905, by agreement of the parties. On the last-named date plaintiff in the action appeared, but defendant therein did not, and judgment was rendered against him by default. It is this judgment which plaintiff herein seeks to have set aside upon the ground that neither he nor his counsel agreed to the continuance until August 28th, that they had no notice of such hearing, and that the justice lost jurisdiction by reason of an indefinite postponement of the case until some time about the middle of August.

This issue raises simply a fact question: Did defendant or his counsel in that case agree to a continuance of the case until August 28, 1905? This is affirmed on the one side and denied on the other. Of course, if the defendant did not agree to this continuance, the judgment rendered by the justice is void for want of jurisdiction of the defendant in the suit. *Rowley v. Baugh,* 33 Iowa, 201; *Spear v. Fitchpatrick,* 37 Iowa, 127; *Balm v. Nunn,* 63 Iowa, 641. Defendant also pleaded an adjudication of this issue in a garnishment proceeding under an execution issued upon the justice's judgment against the Taber Lumber Company, wherein it was held that the judgment now in question was and is valid. He also pleaded another action pending. This action is another garnishment proceeding growing out of a subsequent garnishment of the Taber Lumber Company, which proceeding was pending at the time this action was commenced, and which was not dismissed until after the submission of this equitable action. It appears from the record that in the first garnishment proceeding, which was had before the justice rendering the judgment, plaintiff herein filed a motion to discharge the garnishee for the reason that the justice had no jurisdiction to render the original judgment, and that said judgment was and is void, and for the further reason that the money in the hands of the garnishee was exempt

1. JUSTICE OF THE PEACE: continuance without consent: judgment: invalidity.

to the judgment defendant as his personal earnings within ninety days. This motion was submitted to the justice, and overruled on all grounds save the one asserting that the judgment was void. Plaintiff in the garnishment sued out a writ of error to the district court, and, when the cause reached that court, defendant in the justice's judgment, plaintiff in this case, filed a motion to quash the writ of error for the reason that the original judgment rendered by the justice was void. The district court, after a full hearing upon the writ, made and entered the following judgment: "This day this cause coming on for hearing on the writ of error, the court, being fully advised in the premises, finds that the justice erred in holding said judgment void. It is therefore ordered that the cause is remanded to the Justice J. S. Burrows, with direction to consider and hold said judgment a valid and subsisting judgment, and that the execution issued thereon is valid and binding on the parties herein, and that the defendant pay the costs of this proceeding, taxed at $———." That proceeding was appealed to this court, where the action of the district court in finding the judgment valid was approved and affirmed, but the cause was remanded in order to determine the question of the exemption of the debt owing by the garnishee. See *Dolan v. Simmons,* 139 Iowa, 64. It does not clearly appear what became of the cause after the remand by this court; but we take it that the garnishee was discharged. Whilst the record is in a somewhat confused state, we understand that thereafter another execution was sued out of the district court, which was served by again garnishing the Taber Lumber Company, that defendant in the judgment moved to dissolve because the amount owing him by the Taber Lumber Company was exempt, and for the further reason that the judgment was void, and that this proceeding was pending until after the submission of this case to the trial court, where it was dismissed.

. The record also shows a garnishment in a case called No. 8,311, an answer filed by the defendant therein, plaintiff here, which pleaded the invalidity of the judgment and the exemption of the debt. It also shows a reply filed by plaintiff in garnishment and an entry of the justice ordering the discharge of the garnishee. It also appears that appeal was taken to the district court, where plaintiff herein moved to discharge the garnishee because on the face of the judgment, and upon the issues made by the pleadings, judgment should be rendered for the garnishee. This motion was submitted to the district court and by it sustained on January 8, 1907, and the garnishee was discharged. The garnishment proceedings growing out of the execution sued out in the district court which seem to have been pending down to the time of the entry of the decree herein are pleaded by way of abatement. These facts present two propositions for our consideration: (1) Was there an adjudication of the validity of the justice's judgment; and (2) Should the action have been abated because of the pending garnishment proceedings. It seems to us that these questions must both be answered in the affirmative. In the first garnishment pro-

2. SAME: appeal: remand: law of the case.

ceeding there was an express and affirmative holding upon issues properly tendered, or at least upon pleadings which were not challenged, both in the district court and before us on appeal, that the original justice's judgment was valid and binding. This was an adjudication of that matter on issues tendered by proper parties, and the finding is conclusive.

But it is said that there was another judgment subsequent to this by the district court finding that the judgment was invalid. It is true that a motion discharging

3. APPEAL: judgments: presumption as to validity.

the garnishee upon the pleadings and admissions of the parties was sustained, but this, as we view it, was bottomed solely upon the fact that the debt owing by the garnishee was exempt.

True, the judgment does not expressly so recite, but we must presume that the district court made a proper holding that the justice's judgment was valid. The only proper ground upon which it could have discharged the garnishee was upon the theory that the wages were exempt from execution. The entry made by the district court was the discharge of the garnishee, and not a finding that the judgment was invalid. There was no foundation for a finding that the judgment was invalid for the reason that this was not confessed by the defendant in the original judgment, but expressly denied by him. The garnishment proceedings in the district court in which defendant in the original judgment was claiming that it was void and of no effect was pending until long after the submission of this case, and was not dismissed until the day the trial court entered its decree in this case finding the judgment void. From this recitation of the record it clearly appears that there has been a valid and binding adjudication of the validity of the justice's judgment in the first garnishment proceeding, both in the district court and here, upon appeal upon issues properly tendered, and to which proceedings both plaintiff and defendant herein were parties, and that this should conclude the matter. *Dewey v. Peck,* 33 Iowa, 242; *Bedwell v. Gephart,* 67 Iowa, 44; *Murphy v. Cuddihy,* 111 Iowa, 645; *Hogle v. Smith,* 136 Iowa, 32. That the plea in abatement was good, see *Carney v. Reed,* 117 Iowa, 508; *Costello v. Costello,* 112 Iowa, 578; *Guinn v. Elliott,* 123 Iowa, 179.

It is with regret that we are again compelled to reverse this case; for, as we said on the former appeal, the amount is small and the successful party will not reap any pecuniary reward. But we can not disregard established rules of law. The validity of the original justice's judgment was twice affirmed before courts of competent jurisdiction before this suit was brought, and plaintiff herein must be content with that finding.

The decree must be reversed, and the cause remanded for one in harmony with this opinion.—*Reversed* and *remanded.*