W. A. JORDAN COMPANY, DURAND & KASPER COMPANY, and W. L. GERBER, Appellants, v. SPERRY BROTHERS, GEORGE K. SPERRY and GRANT E. SPERRY, MRS. LOU · FARRIS, BERBERET BROTHERS, and H. EINSPANJER & SON, Appellees.

Creditors suits: FAILURE TO ʼMAKE DISCOVERY: REMEDY.  The remedy
1  for failure of defendants, in a proceeding auxiliary to execution, to make such answers as the court may direct is not a motion to strike the answers from the files, but a motion to require full and implicit discoveries by process for contempt; and the matter of striking a pleading is so much within the discretion of the trial court that generally an appeal will not lie from the ruling.

Change of venue.  The ruling denying a change of venue on the
2  ground of prejudice of the trial judge will not be disturbed except upon a showing of an abuse of discretion.

Creditors suits: GARNISHMENT: *Res judicata*.  A judgment creditor
3  in garnishment proceedings is bound by a judgment in favor of the garnishee, and cannot relitigate the matter in a subsequent action to subject property of the debtor to the satisfaction of the judgment.

Election of remedies: GARNISHMENT: EQUITABLE PROCEEDINGS.  Judg-
4  ment creditors who have pursued their garnishment proceedings no farther than to notify the garnishees, have made no such election of remedies as to preclude them from maintaining an equitable action against both the parties and the property.

Chattel mortgages: PRIVATE SALE OF PROPERTY: CONVERSION.  Where
5  a chattel mortgagor turned over the property to the mortgagee for the purpose of sale and satisfaction of the mortgage note, and it did not appear that the property sold at private sale exceeded the amount of the debt, or that fraud was practiced by any of the parties, the mortgagee was not liable to judgment creditors of the mortgagor for conversion of the property, even though the mortgage was unrecorded and was not foreclosed.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

MONDAY, FEBRUARY 15, 1909.

CREDITORS' bill to subject certain property to the payment of judgments against Sperry Bros. The trial court dismissed the petition, and plaintiffs appeal.— *Affirmed.*

*John L. Benbow,* for appellants.

*Herminghausen & Herminghausen,* for appellees.

DEEMER, J.—Each of the plaintiffs obtained several judgments against Sperry Bros., George K. Sperry and Grant E. Sperry. The Jordan Company and the Durand & Kasper Company sued out executions on their judgments, and thereunder defendants herein, Mrs. Lou Farris, Berberet Bros., and H. Einspanjer & Son, were garnisheed on or about November 7, 1904, and notified to appear at January term, 1905, of the district court of Lee County. Pursuant to notice, they appeared, but their answers were not taken. On November 19th the two plaintiffs last above named commenced this suit which they denominate a creditors' bill against all the defendants above named. This suit was commenced in the district court of Lee County, and in the petition it was alleged that a certain chattel mortgage made by the Sperrys on or about January 6, 1904, to Mrs. Lou Farris upon a stock of merchandise was invalid because withheld from record by agreement until October 21, 1904, and then recorded, and that it was withheld for the purpose of inducing others to give credit to the Sperry Bros. It was also alleged that Sperry Bros. had transferred their books of account to Einspanjer & Son for the purpose of hin-

dering, delaying, and defrauding their creditors. It was also pleaded that Berberet Bros. had possession of a certain delivery wagon covered by the mortgage to Lou Farris, and that plaintiffs' rights thereto were superior to those of said defendants. Defendants answered, denying the allegations of the petition. Plaintiffs thereupon moved the court to require defendants to more fully answer the petition, claiming that they had not complied with section 4088 of the Code. They also moved for judgment because of the want of sufficient answers. These motions were both overruled, and thereupon plaintiffs filed a motion for change of place of trial or for a hearing before another judge. This motion was submitted and denied. Thereafter, and on October 21, 1905, plaintiff W. L. Gerber came into the case by leave of court, joining with the other plaintiffs in the relief demanded, and pleading a judgment obtained by him against Sperry Bros. and the individual members of the firm on February 23, 1905. He also pleaded that he had garnisheed the defendants Farris, Berberet Bros., and H. Einspanjer & Son, and that these garnishees had answered, denying that they were indebted to Sperry Bros. or the firm. He also repleaded the matter stated in the original petition filed in the case. Defendants answered the petition of Gerber, denying most of the allegations thereof and pleading a former adjudication growing out of the garnishment proceedings which they said had proceeded to judgment in their favor. Plaintiffs then replied, denying any former adjudication. Upon these issues the case was tried to the court, resulting in a decree finding that the plea of former adjudication as to W. L. Gerber was good, that plaintiffs' petition be dismissed, and that plaintiffs pay the costs of the proceeding. Whilst the action is in equity and is triable *de novo,* some errors are assigned which must be considered before we go to the real merits of the controversy.

I. It is argued that plaintiffs' motion to strike the defendants' answer, which was simply a general denial, should have been sustained, and that the court should have required a full discovery from them as required by section 4088 of the Code, which reads as follows: "Answers Verified —Petition Taken as True. The answers of all defendants shall be verified by their own oath, and not by that of an agent or attorney, and the court shall enforce full and explicit discoveries in such answers by process of contempt; or, upon failure to answer the petition, or any part thereof, as fully and explicitly as the court may require, the same, or such part not thus answered, shall be deemed true, and such order made or judgment rendered as the nature of the case may require." The exact point made here is that the trial court was in error in not striking defendants' answer from the files. Whilst the statute requires such answers as the court may direct, the remedy for failure to make them is not by motion to strike, but to require full and explicit discoveries by process of contempt. If an answer be informal, redundant, or otherwise, so long as it tenders an issue, the remedy is not by motion to strike, but for more specific statement or by demurrer. Code, sections 3575, 3617, 3630. *Walker v. Pumphrey,* 82 Iowa, 487. The matter of striking a pleading is so much within the discretion of the trial court that generally an appeal will not lie from such ruling. *Allen v. Church,* 101 Iowa, 116; *Allen v. Cook* (Iowa), 71 N. W. 534.

*1. CREDITORS SUITS: failure to make discovery: remedy.*

II. The motion for change of venue was bottomed upon prejudice of the district judge. No such abuse of legal discretion is shown in the ruling denying the change as to justify our interference. *Petty v. Hayden,* 115 Iowa, 212.

*2. CHANGE OF VENUE.*

III. One of the main questions in the case is the correctness of the trial court's holding on the question of

former adjudication in so far as plaintiff Gerber is con-
cerned.    In   the   garnishment   proceeding
brought by Gerber, the garnishees answered,
denying liability to Sperry Bros. or the in-
dividual members of the firm.   This answer was contro-
verted by Gerber, and in his pleading he tendered the very
issues against Mrs. Farris which he presents in this case.
On the issue thus presented there was a judgment in favor
of Mrs. Farris.   This, without doubt, amounted to an
adjudication of the question of the liability of Mrs. Farris
to plaintiff Gerber.   As to defendant Berberet Bros., they
were sought to be held because they purchased a wagon
formerly owned by Sperry Bros. from Mrs. Farris, and,
being in privity with her, they are entitled to the benefit
of the adjudication in her favor.   Einspanjer & Son 'were
sought to be held as garnishees by reason of having re-
ceived certain accounts or account books from Sperry
Bros.   The record shows that, at the conclusion of the evi-
dence upon the Gerber garnishment proceedings, Eins-
panjer & Son, moved that they be discharged as garnishees.
This motion was sustained, and they were released and
discharged.   As Gerber is now attempting to hold these
people on the identical theory upon which he proceeded
in the garnishment proceedings, he surely is bound by
the results of the latter proceedings, and can not relitigate
the matter now.   This is fundamental law, and the follow-
ing, among other, authorities, support the conclusions:
*Madison v. Garfield,* 114 Iowa, 63, and cases cited, and
*Simmons v. Dolan* (decided at present term) 119 N. W.
690.

3. CREDITORS SUITS: garnishment: *res adjudicata.*

IV.   Of course, this adjudication is not binding on
the Jordan Company or the Durand & Kas-
per Company; but it is insisted that having
started the garnishment proceeding, they
elected that remedy, and can not now proceed
by equitable levy.   As they did not pursue their remedy

4. ELECTION OF REMEDIES: garnishment: equitable proceedings.

further than to notify the defendants that they were garnisheed, there was no such election as prevented their following the matter up with an equitable proceeding against both the parties and the property. With reference to the delivery wagon which went to Berberet Bros., and which it is claimed belonged to Sperry Bros., there is absolutely no testimony to justify a finding against them. They purchased in good faith from Mrs. Farris, paying value, and the trial court was clearly right in dismissing the petition as to them. As to Einspanjer & Son, the testimony shows that they took an assignment of Sperry Bros.' books of account to satisfy a claim they had against the Sperry Bros. amounting to $58. The books showed debts to the amount of $370, but the testimony shows that most of these were worthless, and that they had not been able to collect more than $56 thereon. There is an entire absence of fraud in this matter.

V. The only serious or debatable question in the case is the liability of the defendant Mrs. Farris to the two plaintiffs, the Jordan Company and the Durand & Kasper Company. About January 1, 1904, Sperry Bros. purchased of Mrs. Farris a grocery and bakery stock and business in the city of Ft. Madison for the sum of $1,153, paying $100 in cash, and giving a note for the balance, which was secured by mortgage upon the property conveyed. The note was payable in monthly installments of $100 each, and the makers agreed to keep the stock up to its value at time of purchase. They also rented the building in which the business was to be conducted from Mrs. Farris, agreeing to pay her as rental therefor the sum of $30 per month. The mortgage was not recorded until October 29, 1904, when the mortgagee took possession of all the stock and other property belonging to the mortgagors. After taking possession, Mrs. Farris sold the wagon hitherto mentioned to Berberet Bros. and to one

5. CHATTEL MORTGAGES: private sale of property: conversion.

Ben Nelle some other property amounting to $188.64. Plaintiffs claim that the mortgage was fraudulent because withheld from record by the mortgagee, that the mortgagee, having taken possession of the property covered by the mortgage and without foreclosure having sold the same, and in allowing and permitting dealers to extend credit to Sperry Bros. on the strength of the title being unincumbered, were guilty of such fraud or collusion as makes them liable to plaintiffs, who were and are creditors of Sperry Bros. Plaintiffs have failed to show that the mortgage was withheld from record by agreement either express or implied—indeed, the contrary fairly appears from the testimony. Sperry Bros. supposed it was recorded, and Mrs. Farris, being a woman without business exerience, did not understand the necessity for placing it on record. There is no evidence to justify a finding of fraud by reason of the withholding the mortgage from record. There is testimony in the case showing such fraud on the part of Sperry Bros. in purchasing goods after they had given the mortgage as would have justified the sellers in rescinding the sales; but there is not sufficient testimony to connect Mrs. Farris therewith. The action is not brought by the sellers to rescind, but to recover the purchase price of the goods sold. The conduct of the mortgagee after taking the goods covered by the mortgage did not amount to a conversion. The testimony shows that the goods covered by the mortgage were turned over to Mrs. Farris that she might make the amount of her note out of the same, and, pursuant to that plan, she sold the delivery wagon and the other goods referred to at private sale as she had a right to do. There is no showing that the goods exceed in value the amount of the debt owing Mrs. Farris, and no reason appears for holding her liable for the amount of plaintiffs' judgments. The trial court saw and heard all the witnesses, and, while there is some conflict in their testimony, we see no reason

for disturbing the decree entered. Appellees' motion to strike evidence and affirm is overruled.

The decree must be, and it is, *affirmed*.