B. A. DOLAN, Appellee, v. JOHN SAMMONS and TABER LUMBER COMPANY, Garnishee, Appellants.

**Garnishment:** ANSWER OF GARNISHEE: BILL OF EXCEPTIONS: EXEMP-TIONS: BURDEN OF PROOF. The answers of a garnishee to inter-rogatories are not matters of pleading but of evidence, and must be made of record by a bill of exceptions to be considered on appeal. And where it is claimed that the property garnished is exempt the burden is upon the party claiming the exemption to establish the same.

**Appeal:** ABSTRACT: CONCLUSIVENESS. Where no transcript was filed in support of appellant's claim that there was evidence that funds garnished were exempt, and no such evidence. appeared in the record, the appellee's amended abstract asserting that there was no such evidence will be taken as true.

*Appeal from Lee District Court.*—HON. H. BANK, Judge.

TUESDAY, FEBRUARY 15, 1910.

REHEARING DENIED SATURDAY, MAY 14, 1910.

GARNISHMENT proceedings to subject an amount due from Taber Lumber Company to defendant Sammons to the payment of a judgment held by plaintiff against said Sammons. Both defendant and the garnishee claimed that the debt was exempt from execution. The trial court denied the exemption, and the garnishee and the defendant appeal.—*Affirmed.*

*F. T. Hughes* and *E. L. McCoid,* for appellants.

*A. L. Parsons* and *B. A. Dolan,* for appellee.

DEEMER, C. J.—These two cases have a very unusual history. The amount involved is very small, yet this is the third time the case has been before us. See 139 Iowa, 64, and 119 N. W. 690, for opinions in former appeals. Each time the case has come here the record has been obscure, and the situation difficult to understand. This time there are numerous amendments to abstracts, motions, and additional arguments, tending to obscure rather than to clarify, and we shall have much difficulty in stating the case. Before going to the exact point involved, it is well to say that none of the motions filed by the parties are regarded as well founded, and they are each and all overruled. According to appellant's contention, plaintiff recovered a judgment before a justice of the peace against the defendant Sammons for the sum of $40, with interest from October 13, 1895, and costs of suit. This judgment was transcripted to the district court some time prior to November 17, 1906. On November 25, 1905, execution issued on the justice's judgment, and this was served on the same day by garnishing

the appellant .Taber Lumber Company. The lumber company was directed "not to hold the weekly wages which it was paying the defendant in execution each week." It is claimed that the garnishee answered as follows: "The Taber Lumber Company owes the defendant $47, which is in our possession; do not know of any other debts due the defendant. The money due from Taber Lumber Company to defendant was earned under a written contract, which as Exhibit A, is as follows: 'At the end of the milling. season the Taber Lumber Company agrees to pay to the undersigned a bonus of ten percent on his earnings during the sawing season; but it is understood and agreed that if the undersigned is discharged or quits the employ of Taber Lumber Company before the end of the sawing season, then all claims to this bonus is forfeited. I agree to work for the Taber Lumber Co. for the season of 1905. John Sammons.' The defendant commenced work at the commencement of the sawing season of 1905 for the Taber Lumber Company, and continued to work thereunder until the end of the said season, which season terminated on November 25, 1905, on which day the garnishment was served."

Defendant Sammons also appeared, and among other things pleaded that he was a resident of the state, the head of a family, and that the indebtedness of the Taber Lumber Company to him was his personal earnings for ninety days next preceding the levy of the execution, and therefore exempt. Plaintiff's reply admitted that the amount owing was $47, but denied that this was for personal earnings within ninety days. On these issues the justice discharged the garnishee, and appeal was taken to the district court, where the action of the justice was affirmed. Appeal was taken to this court, where the judgment was reversed. See opinion in 139 Iowa, 64. Upon remand the case was again tried in the district court, where a judgment was entered on April 3, 1909, holding that the

funds were not exempt, and ordering the amount due subjected to the plaintiff's judgment. Defendant Sammons was granted ten days within which to file a motion for a new trial. This motion was filed April 8th. On April 10th the trial judge filed a certificate of appeal to this court, and by agreement of parties it was signed by the judge as of the last day of the March term. On June 1, 1909, and during the May term, defendant's motion for a new trial was overruled, and the trial judge thereupon certified that the cause was one in which an appeal should be allowed. The appeal was taken June 14, 1909. It also appears that plaintiff sued out an execution on the judgment, which had been transcripted to the district court on November 7, 1906, and that this execution was served on the same day by garnishing the Taber Lumber Company. In the notice of garnishment the garnishee was directed not to hold the weekly wages of the defendant Sammons. It is claimed that on March 12, 1907, the garnishee answered that it owed the defendant $46.91, which was then in its possession, and that the money was due, earned under the following contract: "At the end of the milling season the Taber Lumber Company agrees to pay the undersigned a bonus of ten percent on his earnings during the sawing season, but it is understood and agreed that if the undersigned is discharged or quits the employ of the Taber Lumber Company before the end of the sawing season, then all claims to this bonus is forfeited. I hereby agree to work for the Taber Lumber Company for the season of 1906. [Signed] John Sammons." It also pleaded that: "The defendant commenced work at the beginning of the sawing season of 1906 for the said Taber Lumber Company, and continued to work thereunder until the end of said season, which terminated on November 17, 1906, on which day the garnishment was served."

On April 8, 1909, defendant Sammons filed an an-

swer pleading the prior garnishment proceedings in abatement. Prior to that, and on March 8, 1909, the defendant had appeared and filed an answer or pleading, in which he alleged that he was a resident of the state, the head of a family, and that the amount due him from the garnishee was for his personal services earned within ninety days, and therefore exempt. On April 3, 1901, the case on the issues then joined was tried to the court, resulting in a finding that the wages were not exempt, and ordering that they be subjected to the payment of plaintiff's judgment. Defendant excepted, and was given ten days within which to file a motion for a new trial. On April 10th there was filed a certificate allowing an appeal, which recites that it was signed during the term and by consent of parties as of the last day of the term. On April 6th defendant filed his motion for a new trial, which set forth the prior garnishment proceedings, the fact that the earnings were exempt from execution, and that nothing was due the defendant from the lumber company until the day the garnishment was served. This motion was heard at the June term of court, and was overruled; the trial court at the time certifying that the case was one in which an appeal should be allowed. On June 14th defendant Sammons appealed to this court.

Appellee says that no testimony was offered by appellant in the court below, and he also denied that appellant Sammons filed any pleading in the first garnishment proceedings, although he admits that in the motion for a new trial the question of the exemption of the fund was raised. Appellee also denies that the garnishee pleaded any exemption in the second garnishment proceeding, and says the only answer made by it was as follows: "We have down there belonging to the defendant $93.91, $47 of this sum was earned in 1905 and $46.91 in 1906." He further says: "Appellant on November 30, 1906, filed his motion in (case No.) 1,348 to quash the execution levied

by garnishment on Taber Lumber Company November 17, 1906, and discharge the garnishee, and among other things alleged that the judgment is void; that the funds in the hands of garnishee is exempt as personal earnings earned within ninety days, he being the head of a family and a resident of the state. On January 7, 1908, appellant dismissed this motion, and an order of dismissal entered that day."

In another amended abstract appellee denied that any part of the answer of the garnishee in the first garnishment proceeding was made of record. Appellee further says that the only testimony in the court below was that of Dolan, to the effect that Sammons had done no work for the lumber company for months prior to March, 1909. In view of this issue made by the abstract appellants have had certified to this court a transcript of the record showing the answers of the garnishee, and from this we extract the following:

"Interrogatory 1: Are you in any manner indebted to the defendant in this suit, or do you owe him money or property which is not yet due? If so, state the particulars. Answer: Yes, sir; we have an amount down there that is due him. The amount is $46.91, which he earned in 1906.

"Interrogatory 2: Have you in your possession or under your control any property, rights, or credits of said defendant. If so, what is the value of the same? State particulars. Answer: On November 17, 1906, we had in our possession $93.91.

"Interrogatory 3: Do you know of any debts owing to said defendant, whether due or not due, or any property rights or credits belonging to him, and now in the possession or under the control of others? If so, state the particulars. Answer: None whatever."

These were the answers taken by a commissioner appointed by the district court, and filed March 12, 1907,

and are the only ones which are supported by any transcript of the record. Aside from being filed, they do not seem to have been made of record in the case, and they do not show any exemption, or claim of exemption. True, Sammons made such claim, but no testimony has been certified to this court showing that any testimony was taken in support of the exemption. Under the rule announced in *Brainard v. Simmons,* 58 Iowa, 464, these answers were no part of record, and can not be considered on this appeal. Moreover, the answers themselves, even if considered by us, do not show that the funds in the hands of the garnishee were exempt from execution, and there is no testimony in the record to show any such exemption. The burden was upon the defendants to show this exemption, and that they have not done. These answers were not pleadings, but evidence, which should have been made of record by proper bill of exceptions.

*1. GARNISHMENT: answers of garnishee: bill of exceptions: exemptions: burden of proof.*

In view of this record the appeal in the second case does not involve any question of exemption; and, save for a matter which we shall presently note, the judgment in that case should be affirmed. Appellee denied that any evidence was taken in the first case, and denies that any such answers were made by the garnishee as are hereinbefore set out. He also denied that Sammons filed any pleading in that case. In another paper filed he admits, however, that the defendant Sammons claimed the funds as exempt, and that the plaintiff denied the exemption, but he still insisted that no testimony was taken. As no transcript has been filed in support of appellants' claim, we must take appellee's statement for the matter, and hold that, as there is no testimony in the record showing an exemption of the fund garnished in the first case, the judgment in that case must be affirmed.

*2. APPEAL: abstract: conclusiveness.*

The cases were tried together, and the only record

which we may consider at all shows that the $47 owing Sammons for the year 1905 was properly subjected to the payment of plaintiff's judgment.

There remains but one other question, and that was raised by defendant Sammons in his answer filed in the second case. In one paragraph of that answer he pleaded the suing out of the first execution, and the garnishment proceedings thereunder, and further averred: "But the cause was then pending in said justice court, and that the said Taber Lumber Company was and is absolutely solvent and able to pay the said sum of $47 in case the court shall so order, and that by said execution from said justice of the peace the plaintiff, Dolan, had levied upon, and was proceeding to collect, sufficient in amount of money to pay off and fully satisfy said judgment, interest, and costs, and therefore the execution herein could not be levied, and the garnishment proceedings herein were premature and should now abate." This same question was also made in his motion for a new trial. As the cases were tried together, and it appeared that the judgment and execution were for $64, with $4.20 costs, and that the amount in the hands of the garnishee was but $47, it is manifest that this defense was not established. No question is made regarding plaintiff's right to sue out a second execution while the first one was outstanding and no reliance whatever is placed upon section 3955 of the Code; hence we do not consider the applicability thereof to these proceedings.

The record is in a very confused state. We have done our best to unravel it, and to apply the statutes and rules of this court applicable thereto. The result is that we can find no tenable ground upon which to disturb the orders and judgments of the trial court. It is to be hoped that this will be the end of some most unprofitable litigation.

The orders and judgments in each case must be, and they are, *affirmed.*