## SCHOONOVER V. HINCKLEY.

1. **Pleading**: MORE SPECIFIC STATEMENT: PREJUDICE. A party is not prejudiced by the overruling of his motion for a more specific statement of matter which is mere surplusage.

2. ———: ———: CORPORATIONS. In an action against a stockholder to recover upon his subscription for stock, wherein he alleged an agreement that certain expenditures made by him should be applied in payment of his subscription, it was *held* that he might be required to show whether such agreement was in writing or not.

3. ———: ———: ———. *Held*, further, that he should also be required to set out the dates and amounts of such expenditure.

*Appeal from Johnson District Court.*

TUESDAY, JUNE 12.

ACTION to recover upon a subscription to stock. The plaintiff is Receiver of the Iowa & Minnesota Construction Company. The shares of the company were fixed at $1,000 each, and the defendant subscribed for twenty shares. The petition avers that an assessment of ten per cent was made July 22, 1876, and that defendant has paid on said assessment only $982.50, leaving still due from him the sum of $1,017.50.

The defendant filed an answer, the seventh paragraph of which is as follows:

"The defendant, further answering, shows the court that at the time of making the subscription of stock aforesaid, made by this defendant, said subscription was made by him as one of five subscribers, to-wit: J. H. Fisher, Geo. Boone, M. P. O'Hern, J. S. Stacy and defendant, and upon the condition and agreement then mutually made, that the capital stock of said company should be $100,000, and should be subscribed to equally by each of said persons, and in the sum of $20,000 each, and that each subscriber should pay ten per cent thereon, and such equal assessments as should be legally made, and were then provided for in the articles of incorporation, and that the same should be assessed and collected according to the ways and methods provided by said articles of incorporation, and not otherwise; that while defendant denies that any valid assessment was in fact ever made, or that any sum was in fact ever due beyond the ten per cent due July 10th, 1871, and specified in said articles of incorporation, yet that he in fact paid said first installment, and so much in excess thereof as to almost, if not entirely extinguish any other or second assessment made upon his said stock, and to pay any and all claims which in law or equity ought to be, or are due from him.

"And the defendant, further answering, says that as a subscriber to the stock of said company he from time to time as was necessary in carrying on the affairs of said company, paid to said company, expended for said company, and advanced for the use and behoof of said company, large sums of money, in all the sum of $4,000, which sums were so advanced, paid and expended with the understanding and agreement that the same should apply upon the stock of the defendant, to the extent of liability rated thereon with the other stockholders or subscribers, and he is not now indebted to said company in any sum whatever upon any rightful or just assessment, nor has said company any claims against him for any sum whatever." The plaintiff then filed a motion to require the defendant to state more specifically:

"1.   Whether the agreement referred to in the first four-

teen lines of paragraph seven is in writing, and if so, that he be required to attach a copy thereof to his answer.

"2. Whether the agreement referred to in that clause of paragraph seven immediately after the figures '4,000' be in writing, and if so that he be required to attach a copy thereof.

"3. That defendant be required to attach a bill of particulars showing the amounts, dates, and the different times at which moneys were advanced, and expended for the company, from time to time as alleged."

This motion the court overruled, to which the plaintiff excepted, and from the ruling he now appeals.

*Remley & Remley* and *Swisher*, for appellant.

*Boal & Jackson*, for appellee.

ADAMS, J.—I. The agreement set up in the first part of the said paragraph would, if proven, establish no right or liability different from that established by the articles of incorporation and the subscription. It seems to us, therefore, that the averment in relation to such agreement might have been stricken out as surplusage. If so it cannot be said that the plaintiff was prejudiced by the overruling of the motion that the defendant be required to state specifically whether the agreement was in writing or oral.

1. PLEADING: more specific statement; prejudice.

II. As to the alleged agreement that the money expended for the company by defendant should be applied in payment of defendant's assessments, we think that the defendant was properly called upon to show whether the agreement was in writing or not. The fact of such agreement was a material one. The expenditure of money for the company would not operate as a payment, unless there was an agreement that it should. The averment of the agreement, therefore, tendered a material issue distinct from the averment of the expenditure, and we think that the plaintiff had a right to know in advance whether he was called upon to defend against a written or oral agreement. This seems to us to be more especially so, as the agreement is alleged to have

2. ——: ——: corporation.

been made with a corporation, which can contract only by its lawfully authorized agents, and in the manner allowed by the articles of incorporation.

III. We are of the opinion, too, that the defendant should have been required to set out the dates and amounts of the money expended. He avers that this was done "from time to time, as was necessary in carrying on the affairs of the company." We can conceive that a proper itemized statement of the expenditures might be highly necessary to the proper preparation and trial of the case. The judgment of the District Court is therefore

REVERSED.

3. ——: ——: ——.