## LANE v. THE B. & S. W. R. Co.

1. **Practice**: AMENDMENT: WAIVER OF ERROR. The filing of an amendment to a pleading which has been held insufficient upon demurrer, is a waiver of the right to assign the sustaining of the demurrer as error.

2. **Pleading**: AMENDMENT. Where an amendment to a petition to which a demurrer had been sustained stated no further facts, but merely conclusions of law from the facts before pleaded, *held*, that a motion for more specific statement was properly sustained.

*Appeal from Appanoose District Court.*

WEDNESDAY, OCTOBER 8.

THE petition states that the plaintiff, an employe of the defendant, with other employes, was engaged in constructing a turn-table, and while so doing the employes of defendant so engaged with the plaintiff, "negligently and carelessly, without using due care, but with gross negligence, pushed and threw from its balance a heavy piece of timber known as piling, on the hand of plaintiff, plaintiff at the time using due care in handling said timber," whereby the plaintiff was greatly damaged. To recover his damages this action was brought.

To the petition the defendant demurred on the ground that "the petition shows plaintiff was not engaged as an employe of defendants in the hazardous operation of defendant's railroad at the time he received his alleged injury." The demurrer was sustained. An amended petition was assailed in the same manner, on the same ground, and with the same result, whereupon the following was filed: "Plaintiff for a second amendment to his petition making his original petition and first amendment to said petition, and this his second amendment as his petition, states that the plaintiff was engaged in the use and operation of the said railroad, that his employment was subject to the incidents of operating a railway and the hazards thereto belonging."

The defendant thereupon filed a motion for more specific statement and asked that plaintiff be required to state, "in

what way did plaintiff's employment subject him to the incidents and hazards of operating defendant's road? In what way was plaintiff engaged in operating defendant's road?"

This motion was sustained, and plaintiff electing to stand on his petition judgment was rendered against him for costs, and he appeals.

*Geo. D. Porter*, for appellant.

*Vermillion, Haynes & Vermillion*, for appellees.

SEEVERS, J.—I.  By filing a second amendment to his petition after a demurrer had been sustained to the original and first amendment, the supposed error because of the ruling on the demurrers, is deemed waived.  This rule has been enforced by repeated decisions of this court.  It is unnecessary to cite them.  That the demurrers were in all probability correctly sustained, see *Schroeder v. C., R. I. & P. R. Co.*, 41 Iowa, 344; *Potter v. Same*, 46 Iowa, 399.

1. PRACTICE: amendment: waiver of error.

II.  It is a fundamental rule that a pleading must state facts from which the conclusions can be drawn that the party is entitled to the relief asked, or to maintain the defense interposed.  The original and first amendment to the petition had been held insufficient.  The second amendment set up legal conclusions from the facts previously stated.  The motion for a more specific statement was, therefore, properly sustained.  As the pleadings then stood the plaintiff, in the opinion of the court below, was not entitled to recover.

2. PLEADING: amendment.

It is a mistake to suppose the effect of the ruling of the court was to require the plaintiff to set out his evidence.  He was merely required to state a fact or facts showing his right to recover.

AFFIRMED.