LYDIA C. CHAMBERLAIN, Appellant, v. WILLIAM L. BROWN, Appellee.

144    601
144    676

**Temporary injunction:** DISSOLUTION: FORM OF PROOF.  On a motion
1  to dissolve a temporary injunction evidence may be produced by the oral examination of witnesses; it is not confined to the presentation of affidavits, although the court by authority of Code, section 4359, may, for its own convenience require the parties to submit their proofs in that form.

**Same:** REFUSAL: WHEN JUSTIFIED.  The court is justified in refusing
2  a temporary injunction where the acts complained of can not work irreparable injury pending the litigation, or tend to render a final judgment ineffective.

**Appeal:** REFUSAL OF TEMPORARY INJUNCTION: REVERSAL.  The prac-
3  tice of appealing from an order denying or dissolving a temporary injunction, while making no effort to bring the case to trial on its merits is not to be encouraged; and the appellate court will be slow to reverse an order refusing or dissolving a temporary writ, where from lapse of time it would be ineffective, or where several terms had intervened with no effort to dispose of the merits of the case.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN,
Judge.

TUESDAY, NOVEMBER 23, 1909.

THIS is an appeal from an order of the trial court
denying an application for temporary injunction.    *Affirmed.*

*Guernsey, Parker & Miller,* for appellant.

*Read & Read,* for appellee.

EVANS, C. J.—The parties to this case are the same
as in the case of like title reported in 141 Iowa, 540.
The decree appealed from in the cited case was entered
in the lower court on January 28, 1908.    On April 18,
1908, plaintiff's petition was filed in this case.    It is
based upon alleged breaches of the same lease as was in-
volved in the former case.    The following is an epitome
of the breaches charged:  .(a) Removal and sale of lava-
tories from basement barber shop.    (b) Removal of closet
bowl and substitution of slop sink.    (c) Removing nine-
inch brick wall seven feet long and eight feet high in base-
ment, thereby changing the size and shape of a hall and
adjacent room.    (d) Changing and removing radiators.
(e) Cutting hole five by six feet through a nine-inch brick
wall between bakery and boiler room, and extending bake
oven through said hole into the boiler room.    (f) Con-
structing brick pillars in boiler room to serve in lieu of
wall, and extending oven smokestack into and through boiler
room, increasing the heat thereby.    (g) Removing brick
walls in refrigerator rooms.    (h) Changing position of
and substituting electric motors.    (i) Removing from
premises and selling for his own account electric motor and
mangle which were property of plaintiff annexed to her

real estate. (j) Cutting holes eight to twelve inches in diameter in the floor and walls, and inserting brine pipes therein. (k) Experimenting with smoke consumers, thereby altering and injuring the boilers, boiler flues, and furnaces. (l) Installing a supplemental ventilating system, and incidental thereto cutting large holes through the brick basement walls of the building and constructing box ventilating passage therein. (m) Removing closet and marble base from butler's pantry. (n) Changing the position of many electric light fixtures, and running electric wires through tubes attached to the walls of the building. (o) Cutting window ledge, removing radiator and pipes, and making and leaving a hole in tile floor of the barber shop. An injunction was prayed against any further alterations or changes in the buildings without the consent of the plaintiff, and it was prayed that temporary writ of injunction issue. Upon presentation to the court of the application for temporary injunction, without notice to the defendant, the trial court on May 5, 1908, entered an order directing the same to issue upon the filing of a bond. On May 7, no bond having been filed, and no writ having issued, the defendant appeared and answered and filed a motion to set aside the order of May 5. On May 9 a hearing was had upon said motion. The plaintiff supported her application by affidavits. The defendant produced witnesses and examined them orally, the plaintiff objecting to this method of proof. After hearing the district court set aside the order of May 5, and the plaintiff has appealed.

I. Plaintiff's first complaint is that the court erred in permitting the defendant to introduce oral testimony at such hearing. Her contention is that under Code, section 4359, only affidavits could be received in evidence. We can not sustain this view. This section is permissive only as to the use of affidavits on such a hearing. The

1. TEMPORARY INJUNCTION: dissolution: form of proof.

fact that defendant produced his witnesses and submitted them to cross-examination furnishes no ground of complaint to the plaintiff. It was doubtless within the discretion of the trial court for its own convenience to require the parties to submit their proofs in the form of affidavits. But it was not bound to do so, and there was no error in permitting the oral examination of witnesses.

II. It is urged that upon the evidence produced the court ought not to have set aside the order in question, but that it should have reaffirmed it, and ordered the writ to issue. We have gone through the evidence with care, and we can find no fault with the conclusions of the trial court. It is manifest under the evidence that the rights of the plaintiff could be fully safeguarded by a final decree after trial upon the merits; no act was being done or contemplated which could work great or irreparable injury to the plaintiff pending the litigation, and none which tended to render a final judgment ineffective. Practically all of the acts charged in the petition were done in the years 1904, 1905, and 1906, and no fair reason was disclosed by the evidence why the parties could not await the final decree for a full adjustment of their rights, and this is emphasized as against the plaintiff because she had a suit pending against the defendant which was terminated in January, 1908, and in which cognizance could have been taken of the very matters now complained of. We refrain from a discussion of the evidence, lest we prejudge the final merits. It is sufficient to say that the trial court was justified in refusing the temporary injunction.

2. SAME: refusal: when justified.

III. Even if the trial court erred in refusing such application, we would ordinarily see little occasion for our passing now upon the question. The only purpose to be subserved by a temporary injunction would be to preserve the rights of the plaintiff until a trial could be

3. APPEAL: refusal of temporary injunction: reversal.

had upon the merits.   Before the appeal was perfected in
this case, the second term of the trial court had been had.
Before appellant's abstract was filed, the third term of
such court had occurred.   Before her argument was filed,
six terms of such court had passed by.   There has been
abundant opportunity, therefore, to bring the case to
trial upon the merits.   A final decree ,of the trial court
would supersede a temporary injunction, even though it
were ordered by this court.   If the final decree is in her
favor, she will have no need of a temporary injunction.
If such final decree is against her, an order for a tem-
porary injunction will avail her nothing.   Ordinarily, we
would assume that a trial had been had on the merits
before this time.   It was stated, however, in oral argu-
ment that the case was still pending in the lower court,
and that no effort had ever been made to bring it to a
hearing on the merits.   Ordinarily, we are reluctant to
reverse the trial court for its refusal to order a temporary
injunction.   The fact that the parties allow a case to
sleep in the trial court, and make no effort to bring it to
trial upon its final merits, will only emphasize our re-
luctance.   The practice of appealing from such an order
in lieu of proceeding to trial below upon the merits is one
which we are not disposed to encourage.

The order of the trial court is *affirmed.*