MCCLURG & WALKER, Appellees, v. M. L. MCEVOY, Appellant.

**APPEAL AND ERROR:** Refusing to Compel Election and to Strike.
1   Appeal will not lie from a ruling refusing (1) to compel an election between counts and (2) to strike a count.

**APPEAL AND ERROR:** When Judgment Not Entered on Appeal.
2   Judgment may not be entered in the Supreme Court, following the dismissal of an attempted appeal from an order overruling a demurrer, on the theory that appellant is then in default for failure to answer, when the record reveals an order of the trial court, suspending all proceedings pending the attempted appeal.

*Appeal from Des Moines Municipal Court.*—T. L. Sellers, Judge.

## March 16, 1920.

Defendant appeals from an order of the court overruling a motion to require plaintiff to elect upon which of two counts of his petition he relies, and to strike Count 2 thereof.—*Affirmed.*

*Chester J. Eller,* for appellant.

*Casper Schenk,* for appellees.

Stevens, J.—Plaintiff, a copartnership, consisting of S. O. McClurg and W. B. Walker, alleged, in their original petition, that, on July 7, 1919, they entered into a written contract of agency with the defendant for the sale of a tract of land in Faribault County, Minnesota, providing "that, if second party should find a purchaser for above-described real estate on the following terms, $29,400 net to said first party, that said first party shall execute good and sufficient warranty deed to said purchaser, and furnish abstract showing good title to said property, and pay second party commission. Second party shall have right to sell said land for more than the above-mentioned price per acre, with commission of $750 for sale of the farm;" that, on August 6th following, plaintiff produced one T. J. Garvey as a purchaser, who signed a contract in writing, agreeing to purchase said real estate and pay therefor the sum of $30,000, upon terms stated in the petition; but that defendant refused to consummate the sale, or pay plaintiff the agreed commission. On the 8th day of October following, plaintiff filed an amendment to its original petition, alleging that it also procured one W. H. Albee as a purchaser, who was ready, able, and willing, and

1. Appeal and error: refusing to compel election and to strike.

agreed to buy said land and pay therefor the sum of $32,500, upon terms set forth in said amendment to the petition. On the first count of the petition, judgment is asked for $600; and upon the second, for $750.

Defendant appeared, and filed a motion in two divisions. In the first division, he asked that plaintiff be required to elect upon which count of the petition he relied, for the reason that plaintiff was entitled to recover, if at all, upon but one count of the petition. In the second division, he asks that Count 2 of the petition be stricken from the files, for the reason that the allegations thereof are inconsistent with the allegations of Count 1; that plaintiff can, in any event, recover upon but one count of the petition, and that, as the original petition, which alleged a complete cause of action, was verified, plaintiff was estopped from pleading the matters contained in said Count 2. Both motions were overruled, and defendant, having obtained an order staying further proceedings in the court below, appealed therefrom.

I. The first contention of counsel for appellee is that an appeal does not lie from the ruling on the motion to require plaintiff to elect, nor from the ruling on the motion to strike, unless same be treated as a demurrer. Code Section 4101, relating to appeals, provides:

"An appeal may also be taken to the Supreme Court from:

"1. An order made affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment from which an appeal might be taken;

"2. A final order made in special actions affecting a substantial right therein, or made on a summary application in an action after judgment; * * *

"4. An intermediate order involving the merits or materially affecting the final decision; * * * "

The first subdivision of Section 4101 authorizes an appeal from an order affecting a substantial right which, in effect, determines the action, but prevents a judgment from which an appeal might be taken. Subdivision 2 relates to special actions only. Subdivision 4, however, applies to orders involving the merits, or materially affecting the final decision. If an appeal may be prosecuted from the ruling complained of, authority therefor must be found in this provision of the statute. In determining this question, we are required to go no further into the merits than to determine the effect of such ruling. Was the defendant, by it, deprived of some right materially affecting the final decision of the issues? Unless such was the effect of the order, no right of appeal exists. The writer of the opinion in *Northwestern Trad. Co. v. Western L. S. Ins. Co.*, 180 Iowa 878, following the prior holding of the court in *Schoenhofen Brewing Co. v. Giffey*, 162 Iowa 204, and *State v. Des Moines City R. Co.*, 135 Iowa 694, stated the test of appealability to be:

"Whether the question is or will be inherent in the final judgment, and may be presented on appeal from that judgment. If the ruling is of such a nature and affects rights in such a manner that they cannot be protected by appeal from the final judgment, then an appeal will lie. But if the question involved will inhere in the final judgment, and can be presented in an appeal from that judgment, it will be treated as an interlocutory order, review of which can only be had upon the general appeal. We say, in *State v. Des Moines City R. Co.*, 135 Iowa 694, at 717: 'Ordinarily, every substantial right of the parties can be effectually protected by preserving a proper record, and presenting the questions thus saved, upon appeal from final judgment.' "

Counsel for plaintiff, in his written and oral arguments, claims the right to recover upon but one count of his peti-

tion.   The purpose of pleading the cause of action in two counts is manifest.   An appeal may be taken from a judgment upon either or both counts of the petition, if the court, in submitting the issues, should allow recovery upon both counts thereof.   By preserving proper exceptions to an adverse ruling upon a motion to direct a verdict, or to the refusal of the court to give proper requested instructions, or perhaps by motion in arrest, all errors in such rulings may be reviewed upon appeal.   We see no way in which the issues could be submitted to the jury so as to deprive defendant of the right and opportunity to have every prejudicial ruling reviewed upon appeal.

*2. Appeal and error: when judgment not entered on appeal.*

Applying the test above stated, we must hold that no right of defendant "involving the merits or materially affecting the final decision" was lost by the order of the court overruling the motion to require plaintiff to elect and to strike, and that, if the ruling was erroneous, it may, by preserving proper exceptions to the further rulings of the court, be reviewed upon appeal from the final judgment; and hence no decision upon the merits of the motion may be had upon this appeal, unless upon the second division thereof, treated as a demurrer.

Counsel for appellant has not, in argument, treated the motion as a demurrer; but counsel for appellee contends that it is, to all intents and purposes, a demurrer, and that, as defendant has not answered, he is in default, and therefore appellee demands judgment in this court.   Were we to treat the motion as a demurrer, and hold that same was properly overruled, no judgment would be entered at this time.   Defendant is not in default in the court below.   An order was issued by the court, staying further proceedings, pending the appeal.   We hold, however, that an appeal

does not lie from the order of the court overruling defend-
ant's motion, and same is—*Affirmed.*

WEAVER, C. J., LADD and GAYNOR, JJ., concur.