W. E. CRUM, JR., Receiver, Appellant, v. H. I. EMMETT, Appellee.

APPEAL AND ERROR: Orders Appealable—Refusal to Strike or Divide Pleading. An order refusing to strike or to divide a pleading is not appealable.

*Appeal from Taylor District Court.*—P. C. WINTER, Judge.

JUNE 25, 1921.

APPEAL by plaintiff from an order overruling his motion, in three divisions: To strike certain portions of defendant's answer, as being conclusions of law, redundant, immaterial, and surplusage; to make the answer more specific in certain respects; and to require defendant to separate the answer into counts or divisions. The trial court overruled the motion, and plaintiff appeals.—*Affirmed*.

H. P. Jaqua and Frank Wisdom, for appellant.

William M. Jackson, for appellee.

PRESTON, J.—Appellee has filed a motion to dismiss the appeal, on the ground that the order is not appealable because the ruling does not affect the merits. The motion was submitted

with the case. The action is at law, on a note for $2,000, alleged to have been executed by defendant to the bank of which plaintiff is receiver. Defendant's original answer does not appear in the abstract. The first is what he denominates an amended and substituted answer. To that pleading, plaintiff filed his motion, which was amended a time or two, as was the defendant's answer. The amendments to the answer, or at least one of them, appear to be a confession, in part at least, of the motion, and an attempt to meet the objection. The first substituted answer, in 16 divisions or paragraphs, and the second amendment, in 4 divisions, pleads false representations on the part of the bank and its officers in obtaining the note; that there was no consideration for the note, and that the officers of the bank knew that fact; cancellation, settlement, and payment, and so on; and that plaintiff, as receiver, and the bank, are estopped from asserting the claim against defendant. Appellee contends that the order is not, under the circumstances, appealable; while appellant contends, as we understand it, that the ruling necessarily affects the merits, and is, therefore, appealable.

If it should be held that such interlocutory orders are appealable generally, it would open the door very wide, and result in delay in many cases, if, indeed, not substantially all the cases, if the parties were so disposed. As a general rule, they are not appealable. Such orders are generally held to involve somewhat the discretion of the trial court, and ordinarily an appeal will not lie from such decisions. To this proposition many cases are cited in 2 Encyclopedia of Pleading and Practice 92. See, also, *Jordan Co. v. Sperry Bros.*, 141 Iowa 225, 228. Appellant concedes this to be the rule, and concedes that not all interlocutory orders are appealable. It may make a great difference whether such a motion is sustained or overruled. We shall not pass upon the merits of appellant's motion as to the two grounds asking the court to strike, and to require defendant to separate and divide, because, as we think, the order as to those two grounds is not appealable, and we shall see later that there was no error in overruling the motion for more specific statement.

1. Appellee argues that it has been held by this court that an appeal will not lie from an order refusing to strike. They

cite, at this point, *Allen v. Church*, 101 Iowa 116, and *Specht v. Spangenberg*, 70 Iowa 488, as so holding. This is conceded by appellant, but he calls attention to the evolution of the statute and the slight change therein. Formerly, it read: "An intermediate order involving the merits and materially affecting the final decision." Code, 1851, Section 1556; Revision, Section 2632; Code of 1873, Section 3164. But Section 4101 of the Code of 1897 uses the word "or," instead of "and:" that is, "Involving the merits or materially affecting," etc. Under the statute as it is now, it was held, in *McClurg & Walker v. Mc-Evoy*, 188 Iowa 752, that the test to determine whether. an intermediate order involves the merits or materially affects the, final decision, so as to be appealable, is whether a party was thereby deprived of some right which could not be protected by an appeal from a final judgment. In that case, an order denying motion to require plaintiff to elect on which one of two counts he would rely does not materially affect the decision, and was not appealable. *Allen v. Church*, supra, was followed in *Jordan Co. v. Sperry Bros.*, supra. *Barnes v. Century Sav. Bank*, 147 Iowa 267, 270, holds that, as a rule, an appeal will not lie from a ruling on a motion to strike, or for a more specific statement. See, also, *Northwestern Trad. Co. v. Western L. S. Ins. Co.*, 180 Iowa 878. Appellant concedes that an appeal will lie from an order striking out material matter. *Mast v. Wells*, 110 Iowa 128; *Haworth v. Crosby*, 120 Iowa 612. There may be, as said, a great difference in whether the motion is sustained or overruled. A good illustration of this is found in *Hogan v. Mc-Combs Bros.*, 190 Iowa 650. Substantially all the material parts of plaintiff's petition were stricken. Under what remained, plaintiff could offer no evidence to sustain his cause of action, and he could not plead over without restating what had already been stricken, which would not be permissible. The motion substantially ended the case. Had the motion been overruled, and the pleading contained too much or improper matter, the court could control that, in the introduction of evidence and in later proceedings. It will be seen from the foregoing that we have repeatedly held that an order overruling a motion to strike is not appealable. We are content with the holdings. Appellee contends that he has substantially complied with the statute in

regard to the divisions of his answer. The separate divisions commence with the statement, "by way of further defense, defendant says," etc.; but, as said, we are not passing upon the merits of the motion at this point. It was also held in the *Northwestern Trad. Co.* case, supra, that an order overruling a motion to divide into counts and divisions is not appealable.

2.   There seems to be some conflict in the cases as to whether a ruling on motion for more specific statement is appealable. It is unnecessary, in this case, to pass upon that question, since we find that there was no error in the ruling. Defendant alleged, in Paragraph 4 of the substituted answer, in substance that the note sued on was an accommodation note, given by the plaintiff for the accommodation of the bank and its officers, and that the note was without consideration; and in Division 5, that he was induced to sign the note by fraud and false representations of the bank through its officers, and so on. The plaintiff's motion asks that defendant be required to give the names of the officers referred to. Before the motion was ruled on, defendant, apparently in response to the motion, and in confession thereof, amended his answer, stating that all the conversations had with the officers were had and held with W. A. Conway; and that, at the time the note was executed, Conway was assistant cashier of the bank. We think this gives substantially all that was asked.

We deem it unnecessary to review and discuss the many other cases on other propositions cited by appellant. The judgment is affirmed as to the matter last referred to, and the appeal is dismissed as to the other two.—*Affirmed.*

EVANS, C. J., WEAVER and DE GRAFF, JJ., concur.