JOHN B. DORMAN, Appellee, v. CREDIT REFERENCE & REPORTING COMPANY et al., Appellants.

No. 40974.

FEBRUARY 9, 1932.

F. S. Dunshee, for appellants.

A. D. Pugh, for appellee.

GRIMM, J.—This is an action at law to recover the sum of $50,000.00 as alleged damages for the publication by the defendant of an alleged false report concerning the plaintiff in a credit reference and reporting book.

The petition attempts to state a cause of action based upon the publication of certain defamatory and libelous matter. Both general and special damages are asked. Briefly and in substance, it is alleged in the petition that the plaintiff has for more than five years last past been engaged in the business of selling school equipment in Des Moines and adjacent territory; that the appellant Des Moines Duplicating Company, with the knowledge of the officers thereof, communicated certain false and defamatory matter to the appellant Credit Reference & Reporting Company, touching the credit and integrity of appellee, and that, as a result thereof, he has suffered damages and injury to his business and earnings, to his reputation, good name, and credit, and also disgrace, humiliation, and mental anguish. Exemplary damages are asked.

The allegations of the original petition are general and meager. Two amendments filed thereto state the cause of action with much greater regard to detail. We gather from the allegations of the amendments to the petition that appellants publish and circulate a book known as the Credit Reference book, in which the names of various citizens are published, and opposite their names is the letter "P," which means "prompt pay," or

"R," which means "require cash." Published with the book is a key which explains the meaning of the letters designated. These publications are sold or circulated among retail merchants. In the second amendment to the petition, other letters and designations are referred to, which indicate "medium pay," "claims filed for collection," and other designations.

Special damages are asked as follows: To business and earnings, including future loss thereto, $20,000; injury to reputation, good name, credit, and standing, $10,000. It also alleges in its petition that, after the publication complained of, appellee was refused credit by several retail merchants in the city of Des Moines; that the credit reference book is circulated around and is in the possession of about 500 subscribers.

To this petition the defendant appellant filed a motion for more specific statement, in which the court is asked to require appellee to state specifically the names of customers whom he has lost, in what particulars his earnings and business have been injured, the names of the merchants in Des Moines to whom he applied and was denied credit, and for some further details touching the claims for special damages. The motion for more specific statement was supported by affidavits signed by the general manager of the Credit Reference & Reporting Company, affirming in substance that the appellants cannot properly prepare their case for trial without the information sought. The motion was overruled, and the defendants appeal directly to this court from such ruling. There is no appearance by appellee, and no question is raised as to the right of defendants to appeal from the ruling of the court on the motion for more specific statement.

In view of some apparent conflicts, discrepancies, and uncertainties in former decisions of this court touching the right of appeal from intermediate and interlocutory rulings of the district court, we have deemed it advisable to review our prior decisions on the subject and to more specifically and definitely point out and state the rules governing appeals from the district to the Supreme Court from such rulings and orders.

Section 12823 provides that appeals may be taken from certain rulings and orders of the court prior to and without the formality of a judgment upon the merits. This section is as follows:

"An appeal may also be taken to the Supreme Court from:

"1. An order made affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment from which an appeal might be taken.

"2. A final order made in special actions affecting a substantial right therein, or made on a summary application in an action after judgment.

"3. An order which grants or refuses, continues or modifies, a provisional remedy; grants or refuses, dissolves or refuses to dissolve, an injunction or attachment; grants or refuses a new trial; sustains or overrules a demurrer in a law action; or sustains or overrules a motion to dismiss in an equitable action.

"4. An intermediate order involving the merits or materially affecting the final decision.

"5. An order or judgment on habeas corpus."

The questions for decision are: First, does the ruling complained of involve the merits or a substantial right of appellant in the action; and, second, does such ruling inhere in the final judgment in such sense that it may be reviewed on appeal therefrom?

It is not always easy to determine whether an intermediate order necessarily involves the merits or materially affects the final decision. The test by which the right of appeal from an intermediate order is to be determined is: Will the party aggrieved thereby be deprived of some right which cannot be protected by an appeal from the final judgment? Crum v. Emmett, 191 Iowa 797; McClurg & Walker v. McEvoy, 188 Iowa 752; In re Estate of Dodge, 194 Iowa 572; Smith v. Morrison, 203 Iowa 245; Morrison v. Carroll Clinic, 204 Iowa 54; Schoenhofen Brewing Co. v. Giffey, 162 Iowa 204; In re Estate of Stone, 132 Iowa 136; State v. Des Moines C. Railway Company, 135 Iowa 694; First National Bank v. Dutcher, 128 Iowa 413; Price v. Aetna Ins. Co., 80 Iowa 408; Bicklin, Winzer & Co. v. Kendall, 72 Iowa 490. If an intermediate ruling or order affecting the merits inheres in the final judgment and may be reviewed upon appeal therefrom, direct appeal from such ruling or order is not permissible. Crum v. Emmett, supra; McClurg & Walker v. McEvoy, supra.

Applying the test stated, this court has held in many cases

that an appeal directly from the ruling or order of the court, and without the entry of final judgment, is permissible. These cases, a few of which will presently be cited and the point involved briefly stated, will suffice to illustrate to some extent at least the interpretation placed upon the statute and the effect upon the merits of the particular ruling complained of.

It was held in Lane v. B. & S. W. R. Co., 52 Iowa 18, that the ruling of the court sustaining a motion for more specific statement was proper, and the ruling was sustained. Similarly, the court held in Schoonover v. Hinckley, 46 Iowa 207, that a motion for more specific statement of certain facts material to the cause of action should have been sustained, and the ruling was reversed.

Mahaska County Bank v. Christ, 82 Iowa 56, involved a ruling of the court sustaining a motion to dismiss a cross-petition. The court held that the ruling was proper, and overruled a motion to dismiss the appeal.

In Carney Bros. v. Reed, 117 Iowa 508, it was held that an appeal may be taken from the ruling of the court permitting the plaintiff to dismiss his cause of action without prejudice after submission.

The court in Chamberlain v. Brown, 144 Iowa 601, expressed itself as generally opposed to an appeal from an order of the court refusing a temporary injunction.

In Bicklin, Winzer & Co. v. Kendall, supra, it was held that an appeal will lie from an order overruling a motion to strike an amended petition of intervention from the files. In this case, the right of intervener to recover upon his cross-petition was involved.

Price v. Aetna Ins. Co., supra, involved the overruling of a motion to transfer certain issues in an action commenced at law to equity for trial. The court held the order appealable. See also First National Bank v. Dutcher, supra.

It was held in Barnes v. Savings Bank, 149 Iowa 367, that an appeal may be taken from the ruling of the court upon a motion to strike parts of a pleading.

Perhaps the case most directly in point on the subject is Northwestern Trading Company v. W. L. S. Ins. Co., 180 Iowa 878. The writer of the opinion in this case reviewed a large number of our prior decisions, reiterated the test by which the

right of an appeal is to be determined, and held specifically that an appeal will lie from an order overruling a motion for more specific statement. Other cases of similar import are State v. Des Moines C. Railway Company, supra; In re Estate of Stone, supra; Schoenhofen Brewing Co. v. Giffey, supra. In numerous other cases, the right of appeal from an intermediate or interlocutory order has been denied.

In Jordan Company v. Sperry Bros., 141 Iowa 225, it was said that the matter of striking a pleading is so much within the discretion of the trial court that generally an appeal will not lie from such ruling.

In Watters v. City of Waterloo, 126 Iowa 199, it was held that, as a party has the right to plead his cause of action in different counts, an appeal will not lie from a ruling on a motion to require the pleader to elect upon which count he will stand.

In Devier v. Economic Life Assn., 106 Iowa 682, it was held that no appeal will lie from an order directing the production of books. Winneshiek County St. Bank v. District Court, 203 Iowa 1277.

We held in Specht v. Spangenberg, 70 Iowa 488, that a ruling on a motion to strike parts of a pleading was not appealable, for the reason that the ruling affects only the amount of damages recoverable, and, therefore, a mere incident of the trial.

In Allerton v. Eldridge, 56 Iowa 709, it was held that an appeal will not lie from a ruling of the court on a motion for a change of venue. In the following cases, the appeal was from the final judgment, but nevertheless the court reviewed rulings upon motions for more specific statement or to strike, making no reference to the question of appealability. Brown v. Chillicothe, 122 Iowa 640; Jordan Co. v. Sperry Bros., supra; Kenwood Lbr. Co. v. Armstrong, 201 Iowa 888; N. W. Trading v. W. L. S. Ins. Co., supra; Specht v. Spangenberg, supra; Schoenhofen Brewing Co. v. Giffey, supra; In re Estate of Stone, supra.

An appeal will not lie from the ruling of the court on a motion to strike immaterial, irrelevant, or redundant matter, or from a motion for more specific statement, to require the pleader to set out evidence. It is necessary only to plead the ultimate facts. Schoonover v. Hinckley, supra; Allerton v. Eldridge, supra; Ida County v. Woods, 79 Iowa 148.

We have held in a large number of cases that, if the right of

appeal from the ruling of the court upon a motion for more specific statement in a given case is present, such right is waived by answer or pleading over. The list of cases is partial only. Coakley v. McCarty, 34 Iowa 105; Kline v. K. C., St. J. & C. B. R. Co., 50 Iowa 656; Mann v. Taylor, 78 Iowa 355; Ida Co. v. Woods, supra; Kelly v. Town of West Bend, 101 Iowa 669; Hurd v. Ladner, 110 Iowa 263; Puritan Mfg. Co. v. Emporium, 130 Iowa 526; N. W. Trading Co. v. W. L. S. Ins. Co., supra; Clark & Co. v. Monson, 183 Iowa 980; Crow v. Casady, 191 Iowa 1357; Polk v. Fremont County, 197 Iowa 755; Depping v. Hansmeier, 202 Iowa 314; Morrison v. Carroll Clinic, supra; Broderick v. Barry, 212 Iowa 672.

We have, however, held that, if it appears that proper exceptions were preserved by the appellant to the ruling on a motion to strike from the petition, he may have the same reviewed on appeal from the final judgment. Smith v. Waterloo, C. F. & N. R. Co., 191 Iowa 668, and cases cited.

It is likewise the rule in this state that the plaintiff whose petition has been assailed by a motion for more specific statement, and such motion has been sustained, may, if he so desires, elect to stand on his petition, permit judgment to be entered against him for costs, and appeal therefrom. Lane v. B. & S. W. R. Co., supra; Crewdson v. Middleton, 57 Iowa 335.

In each of the following cases, In re Delaney's Estate, 207 Iowa 451; Porterfield v. Grand Lodge, 212 Iowa 1181; and Joslin v. Cont. & Com. Nat. Bank, 213 Iowa 107, the court treated a motion to strike as, in effect, a demurrer, and held that, unless the party aggrieved elected to stand on his pleading and permit judgment to be entered, no appeal will lie.

It has always been the rule that no appeal will lie from the ruling of the court on a demurrer unless the party whose pleading is challenged has elected to stand thereon and permit judgment to be entered against him. The same rule exists under recent statutes which provide for a motion to dismiss in equity cases in lieu of a demurrer. Morrison v. Carroll Clinic, supra; In re Warren's Estate, 211 Iowa 940; Hawthorne v. Andrew, 208 Iowa 1364.

We come now to consider the statute governing motions for more specific statement. These statutes are as follows:

"Sec. 11127. When the allegations of a pleading are so

indefinite and uncertain that the precise nature of the charge or defense is not apparent, the court may, on motion, require it to be made more definite and certain.

"Sec. 11128. Such motion shall point out wherein the pleading is not sufficiently specific, or it shall be disregarded. If the reason for such demand exists outside of the pleadings, the motion must state the same, and be supported by affidavit."

For convenience, although not relevant to the question before us, we also call attention to Section 11197, relating to sham and irrelevant defenses, and Section 11203, relative to a bill of particulars.

Section 11127 is identical in language with the statute in some other jurisdictions. It is also apparently identical in substance with similar statutes in most jurisdictions. If this statute were susceptible of precise and exact practical interpretation, the question now before us would be a simple one. Manifestly, it is not capable of such precise or exact interpretation as is necessary to provide a yardstick in all cases. If the pleading alleging a cause of action or stating a defense is sufficiently definite and certain that the precise nature of the charge or defense is apparent on the face thereof, a motion for more specific statement will not, under the plain terms of the statute, lie. If the contrary, a motion for more specific statement is the procedure created by statute, and it should be sustained. We have said in a few instances that the court, in passing upon motions for more specific statement and to strike parts of pleadings, necessarily exercises considerable discretion. Before sustaining or overruling such a motion, the court must necessarily determine whether the allegations of the pleading are sufficiently definite and certain that the precise nature of the charge or defense is or is not apparent. Naturally, the determination of this question involves not only the exercise of discretion but necessarily the possibility of a difference of opinion. Involved in all motions assailing pleadings is the right of the litigants to the proper administration of the substantive law and the law of procedure, as well as the necessity of a prompt, efficient, and orderly disposition of litigation. If liberality is essential, and no doubt it is, in passing upon motions for more specific statement and to strike, it should be exercised favorably to the speedy and efficient administration of the law and in avoidance

of unnecessary delay in the dispatch of litigation. Generally, in passing upon motions of this character, particularly motions for more specific statement, doubts are resolved in favor of the movant. This for the reason that prejudice is very unlikely to result by requiring pleadings to be made more definite. Naturally, more strictness should be observed in passing upon motions to strike. Sham, irrelevant, and redundant matter is often harmless, clearly apparent on the face of the pleading, and should be stricken upon motion. The great familiarity of bench and bar with the simple rules of Code pleading makes the matter of settling issues, ordinarily at least, an easy matter. In all cases, the test adopted in this state should be applied strictly, and if the pleading is so uncertain and indefinite that the precise nature of the charge or defense is not apparent, it should be made specific on motion therefor. The ruling on a motion for more specific statement in such case may involve the merits, or materially affect the final decision. In such case, a direct appeal may be taken from the ruling to the supreme court. J. F. Sieberling Co. v. Dujardin, 38 Iowa 403; Central Lbr. & Coal Co. v. Glass, 199 Iowa 1113. Similar statutes have been similarly construed in other jurisdictions: Royle v. McLaughlin, 186 N. Y. Supp. 356; American Book Co. v. Kingdom Pub. Co., 73 N. W. (Minn.) 1089; Stansfield v. Dunne, 141 Pac. (Ariz.) 736; Miles v. Charleston Light & Water Co., 69 S. E. (S. C.) 292; New York, C. & St. L. R. Co., v. Kistler, 64 N. E. (Ohio) 130; Yawger & Co. v. Joseph, 108 N. E. (Ind.) 774; Multnomah County v. Willamette Towing Co., 89 Pac. (Ore.) 389; Rehkamp v. Martin, 247 S. W. (Ky.) 1115; Board of County Comrs. v. U. S. F. & G. Co., 150 Pac. (Kans.) 590; Felt v. Westlake, 174 Pac. (Okla.) 1041.

The right to have the ruling reviewed on appeal is lost by answer or pleading over, where such is the situation. If the rule were otherwise, it would be a rare instance when prejudice would result therefrom or appear in the record on appeal.

█ As stated above, it is the right of the party aggrieved to elect to stand on his pleading, permit judgment to be entered against him, and, on appeal therefrom, obtain review on a ruling upon a motion to strike or for more specific statement; but such course often involves considerable hazard. We have in a few cases inadvertently said that no appeal will lie from the

ruling of the court on a motion to strike unless the aggrieved party elects to stand on his pleading and permits judgment to be entered against him. In re Delaney's Estate, 207 Iowa 451; Porterfield v. Grand Lodge, 212 Iowa 1181; Joslin v. Cont. & Com. Nat. Bank, 213 Iowa 107.

In other cases recently decided by this court it appeared that the trial court and counsel on both sides of the case treated the motion as a demurrer. The same was so treated by this court on appeal, and the rule governing appeals on demurrers was applied. In so far as we have held in a few cases that, on a motion to strike which is not the equivalent of a demurrer, the party must stand on his pleading and permit judgment to be entered against him before appealing, we are in error, and such will not hereafter be the rule of this court. There is no warrant for such a rule under the statute, and in reality the holding is in conflict therewith.

Frivolous appeals should be avoided. It is not the policy of the law to permit either party to a controversy to prolong litigation or delay the course of justice by prosecuting an appeal from every interlocutory ruling or order of the trial court. Smith v. Waterloo, C. F. & N. R. Co., 191 Iowa 668; Schoenhofen Brewing Co. v. Giffey, supra; State v. Des Moines City R. Co., 135 Iowa 694; First Nat. Bank v. Dutcher, supra; McClurg & Walker v. McEvoy, supra; Liberty Oil Co. v. Polk, 193 Iowa 146; In re Receivership of Bank of Hamburg, 203 Iowa 1399. If the ruling or order complained of is inherent in the final judgment and may be presented on appeal therefrom, this is the procedure that must be followed. In re Receivership of Bank of Hamburg, 203 Iowa 1399; McClurg & Walker v. McEvoy, 188 Iowa 752, and many of the cases cited.

If, however, the ruling, although intermediate or interlocutory, involves the merits, or will materially affect the final decision, a direct appeal may be taken therefrom. This the statute in very clear terms permits.

Supersedeas will not, however, stay further proceedings in the trial court in the event of an appeal from an intermediate or interlocutory order. First National Bank v. Dutcher, supra; Allen v. Church, 101 Iowa, 116; Sullivan v. Gaul, 198 Iowa 630.

If a stay be desired, application should be made therefor to

the district court, and, if the ruling or order is one for which an appeal will lie, the application should be granted.

Coming now directly to the question presented on this appeal: Special damages are asked. In part at least, the right thereto is based upon the refusal of certain concerns to extend credit to appellee, and, in addition, it is alleged that appellee has suffered great loss of earnings in his business. The motion asks that appellee state the names of those who have denied him credit, of the creditors lost, and of the ultimate facts upon which he predicates a request for judgment on account of loss and injury to his earnings and business. As to these matters, the motion goes directly to the cause of action, and involves the merits of the controversy. There is a sense, of course, in which the information sought is evidential in character, but it is essential to a proper statement of his cause of action for special damages. Appellant is entitled to know the ultimate facts upon which appellee relies, in order that he may be prepared for trial. The business of appellee is not even confined to the city of Des Moines, but includes adjacent territory. If he has suffered loss of business and earnings, as well as customers, and injury to his credit, it is quite necessary that appellants be put in possession of such facts as will enable them to prepare for trial. Likewise, the names of those who have denied him credit on account of the alleged liability in the city of Des Moines should be set out in the pleading. All of these matters are essential to a proper statement of the cause of action and the speedy administration of justice.

It is a matter of common knowledge to bench and bar that many pleaders seek to confuse their antagonists by a system of "blind" pleading, which, without giving any definite information, yet contains a general allegation which appears sufficient. Unless the trial court sustains a motion for more specific statement to such a pleading, the defense must prepare to meet everything which could possibly be considered under the general allegation. This results in wholly unnecessary expense and delay.

In many states, there are statutory provisions whereby, for illustration, the defendant may require the plaintiff to appear, so that the defendant may take the plaintiff's deposition. On such a hearing, the defendant may procure all the facts, and is not required to use the deposition. By such procedure, the de-

fendant learns in advance what he must meet. Instead of preparing to meet every possible contingency which might be included under a general allegation, he need only prepare for what is shown by the deposition to be the basis of the plaintiff's claim.

It is our conclusion that the motion for more specific statement as to the foregoing matters should have been sustained, upon the ground that the information sought is clearly within the requirements of Section 11127, Code of 1931.

We have given no consideration to the affidavit attached to the motion.

The appellee filed motions and amendments thereto, seeking to have this appeal dismissed. The principal contention of the appellee is, in substance, that, because a former appeal was, upon motion, dismissed upon purely technical procedural grounds, the same constituted an adjudication. In this, the appellee is in error. This appeal was brought within the proper time, and is found to be procedurally sufficient. The motions are without merit.

For the reasons stated, the order and ruling of the trial court is—Reversed.

WAGNER, C. J., and STEVENS, MORLING, ALBERT, and KINDIG, JJ., concur.

EVANS, J., specially concurring. I agree that the order appealed from is appealable and reversible. I think the rest of the discussion must be deemed dictum.

FAVILLE and DE GRAFF, JJ., join in the special concurrence of EVANS.