IN RE ESTATE OF MAX MURRAY BANNON.

STATE OF IOWA ex rel. JOHN MITCHELL, Attorney General, et al., Petitioners, Appellants, v. JOHN M. BANNON, Individually and as Administrator, Respondent, Appellee.

No. 44410.

NOVEMBER 22, 1938.

John H. Mitchell, Attorney General, and Charles Bookin, Sp. Asst. Atty. Gen. for petitioners, appellants.

F. M. Beatty and Wagner & Yoder, for respondents, appellees.

MILLER, J.—On the 5th day of January, 1938, the petitioners on behalf of the State of Iowa, filed in the district court of Keokuk County, the following application:

"1. That all of the property of the estate of Max Murray Bannon, now deceased, is in the hands of the Administrator of said estate, and is now in the due process of administration in the Keokuk County Court, *and all of the real and personal property of which Max Murray Bannon died seized and/or possessed is and constitutes property which as far as now known is subject to escheat to the State of Iowa under section 12035 of the Code of 1935.*

"2. That no notice has been given the State Comptroller by the Judge or Clerk of the aforesaid Court as provided by section 12036 of the Code, *and no administrator has been appointed for the purpose of taking charge of the personal property and real estate for the purpose of escheat as provided in section 12036 of said Code.*

"3. That John M. Bannon, who purports to be the maternal grandfather of said decedent, upon his own application was appointed administrator of the Estate of Max Murray Bannon, deceased, and is at the present time the duly acting and legally qualified administrator of the said estate, *but no express direction has been made to him relative to taking charge of said property and especially said real estate for the purpose of escheat.*

"4. *That no order has been made requiring notice to persons interested, of the death of the deceased, the amount and kind of property left by him within the State, as in the opinion of the Judge or the Clerk appointing him will be best calculated*

to notify those interested, or supposed to be interested in the property, all as provided by law in Code section 12037.

"5. That on the 30th day of October, 1936, a preliminary inventory, report of beneficiaries, and inheritance tax report was filed by the said John M. Bannon as administrator in the office of the Clerk of the District Court of Iowa in and for Keokuk County; that in said report under oath the said John M. Bannon, as administrator aforesaid, states that he is the sole surviving heir at law of Max Murray Bannon, deceased. A true and correct copy of said report is hereto attached marked Exhibit 'A' and hereby by reference made a part hereof.

"6. That as to the claim of John M. Bannon, the now acting administrator, that he is the sole heir of the deceased, the State of Iowa specifically denies that he has any interest in or right to said property and denies that he has a right to inherit said property or any part thereof. That because of said claim, the interests of said John M. Bannon are adverse, conflicting and antagonistic to the interests of the State of Iowa and to the interests of any other person or persons who may be entitled to inherit said property by virtue of the laws of descent and distribution now in force and effect in the State of Iowa.

"7. That John M. Bannon because of his claim and interest is disqualified from acting as administrator to take charge of said property for the purpose of escheat, and from acting as the officer of the court for the purpose of giving whatever notice might be required by the court in connection with said property subject to escheat.

"8. That in order to protect the interest of all unknown heirs, all interested parties, and the State of Iowa, the court should appoint a disinterested administrator and duly authorize, empower and direct him forthwith to collect, take possession and control of the whole of the assets of the estate of Max Murray Bannon, deceased, as by law in such cases made and provided.

"WHEREFORE, the State of Iowa prays that the necessary steps be ordered taken to escheat said property as the uninherited property of Max Murray Bannon, deceased. That Harry L. Snakenburg, attorney at law of Sigourney, Iowa, be appointed as administrator to take charge of such property, there being no other person appointed as administrator in said county or any other county in the State of Iowa for said purpose. That John M. Bannon be directed forthwith to file his

*final report as administrator and to turn all of said property now in his possession over to the person designated by this court as administrator under the statutes of the State of Iowa relative to escheat. That the administrator appointed under the provisions of section 12036 be ordered to take possession of said property, both real and personal, and that he be required to hold the same, and that the Court prescribe notices to be given by the administrator of the death of the deceased, to all interested persons, or persons who might be interested, and the amount and kind of property left by decedent within the State, as in the opinion of the Judge or Clerk appointing him will be best calculated to notify those interested, or supposed to be interested, in the property, and that if within six months of the giving of such notice no claimant thereof appears, that the administrator be ordered to sell said property, and the proceeds under the direction of the State Comptroller, be paid over by the administrator for the benefit of the school fund, and if the sale be of real estate, the sale be ordered conducted and the proceeds treated like those of school lands, first deducting therefrom costs of administration and those incurred in preserving said property for the State of Iowa and any claimants who may establish their claims as against the State of Iowa within ten years from the sale as provided by section 12039 of said Code. That the Court prescribe the form, manner and time of service of notice to be made upon John M. Bannon as administrator and in his individual capacity notifying the said John M. Bannon of the appointment of Harry L. Snakenburg as administrator to take charge of all of said property for the above purposes. That the court set a date and time by which John M. Bannon as administrator must file his final report and turn the assets of the estate of Max Murray Bannon, deceased, over to Harry L. Snakenburg, and that in the event of the failure or refusal of the said John M. Bannon to do so, the court designate a time by which he must file his objections in the probate proceedings to turning over said property to Harry L. Snakenburg for disposition in accordance with the statutes relating to escheat."*

Thereafter and on February 7, 1938, the petitioners filed the following amendment to said application:

"1. That Max Murray Bannon, deceased, died intestate on July 14, 1936, at Glenwood, Iowa. That the said Max Murray

Bannon was born to Katie L. Bannon on or about November 25, 1916, at Chicago, Illinois, and that the said Katie L. Bannon died on the tenth day following the birth of the said Max Murray Bannon. That at the time of the death of the said Katie L. Bannon she was a single woman and that she had never previously been married to any person, and was not at any time during her lifetime the lawful wife of any man. That the said Max Murray Bannon was confined in the Institution for the Feeble Minded at Glenwood from the 4th day of February 1920, until the date of his death. That the putative father was and is unknown and there was and is neither judicially established proof of paternity, nor recognition by any individual of the said Max Murray Bannon as his son, or by the said Max Murray Bannon that any individual was his father. That the said Max Murray Bannon died spouseless and without issue, never having been wed.

"2. That from the date of the death of the said Max Murray Bannon the said John M. Bannon in his capacity as administrator, or in his individual capacity, has collected the rents, profits, and issues from the real property belonging to the deceased. That the profits of the same constitute part of the estate of the decedent and should escheat to the State of Iowa together with all the rest of the estate of decedent.

"3. That because of the matters alleged in paragraph 1 of this amendment; and because the mother of Max Murray Bannon predeceased him; and because the deceased died intestate, unmarried, and without issue, the decedent, under the laws and statutes of the State of Iowa could not have left heirs capable of inheriting, and the entire estate of the decedent therefore escheats to the State of Iowa.

"WHEREFORE, the State of Iowa renews its prayer as contained in its original application and asks in addition thereto that John M. Bannon be required to account for the rents and profits collected by him from the operation of the real property of the decedent."

The respondent, John M. Bannon, individually and as administrator of the estate of Max Murray Bannon, deceased, filed a motion to strike the italicized portions of the original application. This motion of the respondent was submitted to the trial court on February 7, 1938, and sustained in its entirety. Peti-

tioners took exceptions to said ruling; and it is from this ruling of the court sustaining said motion to strike that the petitioners appeal.

Appellee has filed a motion to dismiss the appeal in this case, contending that the order appealed from, being an interlocutory or intermediate order is not appealable upon the grounds (1) that it does not affect any substantial right of appellants in the action, does not in effect determine the action, and does not prevent a judgment from which an appeal might be taken; (2) that it does not involve the merits of the controversy and does not materially affect the final decision to be rendered in the cause of action; and (3) that appellants having taken exceptions to the ruling of the court in sustaining the motion to strike, that they can therefore have the ruling reviewed by taking an appeal from the final judgment if rendered adversely to them.

Section 12822 of the Code of Iowa provides that the supreme court has appellate jurisdiction over all judgments and decisions of all courts of record, and section 12823 of the Code provides that appeals may also be taken to the supreme court from:

"1. An order made affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment from which an appeal might be taken.

"2. A final order made in special actions affecting a substantial right therein, or made on a summary application in an action after judgment.

"3. An order which grants or refuses, continues or modifies, a provisional remedy; grants or refuses, dissolves or refuses to dissolve, an injunction or attachment; grants or refuses a new trial; sustains or overrules a demurrer in a law action; or sustains or overrules a motion to dismiss in an equitable action.

"4. An intermediate order involving the merits or materially affecting the final decision.

"5. An order or judgment on habeas corpus."

As no final judgment or decision has been rendered in this case, section 12822 cannot be construed to permit this appeal; and as subsections 2, 3 and 5 of section 12823 are plainly inapplicable, the appeal must be dismissed unless the provisions of subsection 1 or 4 of section 12823 permit the appeal.

For an interlocutory or intermediate order to be appealable under the provisions of subsection 1 of said section the order not only must affect a substantial right in an action, but must also in effect determine the action and prevent a judgment from which an appeal might be taken. Even though an interlocutory or intermediate order may affect some substantial right in an action, that fact in and of itself does not make the order appealable, but in addition thereto such order must in effect determine the action and prevent a judgment from which an appeal might be taken. If it be conceded, for the purpose of applying subsection 1 to the instant action, that the order herein did affect some substantial right of the appellants, does such order in effect determine the action and prevent a judgment from which an appeal might be taken?

Proper exceptions were taken by appellants to the order of court, sustaining the motion to strike and if said order was erroneous and final judgment should be rendered against appellants, they can on an appeal from such final judgment present to this court the error, if any, of the trial court in sustaining said motion. This court in Smith v. Waterloo, C. F. & N. R. Co., 191 Iowa 668, 182 N. W. 890, definitely decided that a party by proceeding to trial upon his petition without amending after a motion to strike portions thereof had been sustained, did not waive his right to urge the alleged error in sustaining said motion upon appeal from final judgment. In view of that pronouncement of the court as the accepted law of this state, the alleged error, if any, in the ruling, can be corrected upon an appeal from the final judgment, and therefore the order does not prevent a judgment from which an appeal might be taken.

In Dorman v. Credit Reference & Rep. Co., 213 Iowa 1016, 241 N. W. 436, we find the following pronouncement of the law of this state [page 1019 of 213 Iowa, page 438 of 241 N. W.]:

"It is not always easy to determine whether an intermediate order necessarily involves the merits or materially affects the final decision. The test by which the right of appeal from an intermediate order is to be determined is: Will the party aggrieved thereby be deprived of some right which cannot be protected by an appeal from the final judgment? Crum v. Emmett, 191 Iowa 797, 183 N. W. 383; McClurg & Walker v. McEvoy, 188 Iowa 752, 176 N. W. 673; In re Estate of Dodge, 194 Iowa 572,

189 N. W. 759; Smith v. Morrison, 203 Iowa 245, 212 N. W. 567; Morrison v. Carroll Clinic, 204 Iowa 54, 214 N. W. 705; Schoenhofen Brewing Co. v. Giffey, 162 Iowa 204, 143 N. W. 1017; In re Estate of Stone, 132 Iowa 136, 109 N. W. 455, 10 Ann. Cas. 1033; State v. Des Moines C. Railway Company, 135 Iowa 694, 109 N. W. 867; First National Bank v. Dutcher, 128 Iowa 413, 104 N. W. 497, 1 L. R. A. (N. S.) 142; Price v. Aetna Ins. Co., 80 Iowa 408, 45 N. W. 1053; Bicklin, Winzer & Co. v. Kendall, 72 Iowa 490, 34 N. W. 283. If an intermediate ruling or order affecting the merits inheres in the final judgment and may be reviewed upon appeal therefrom, direct appeal from such ruling or order is not permissible. Crum v. Emmett, supra; McClurg & Walker v. McEvoy, supra.''

As the error, if any, of the trial court in its ruling can be corrected by this court upon appeal from a final judgment, it follows, under the above pronouncement, that the order herein involved is not appealable.

Does this order then so involve the merits or materially affect the final decision, as provided in subsection 4 of section 12823, to permit the same to be appealable? Examination of the original application in its entirety, together with the amendment thereto, reveals that this action is instituted by the State for the purpose of having all the property of Max Murray Bannon, deceased, escheat to the State, and is predicated upon the theory that the appellee herein, as the maternal grandfather of the decedent, has no right to inherit from said decedent. The action of the trial court in sustaining the motion to strike does not remove from the original application and the amendment thereto the necessary allegations from which it may be determined whether or not the property should escheat as is contended by the State. In fact, a careful scrutiny of the stricken portions of the original application reveals that said stricken portions in effect relate only to the desire of the State to have an administrator of its choosing substituted in lieu of the appellee.

The question of whether or not appellee should continue as administrator in the event the court ultimately determines that the property involved is subject to escheat, is not before us at this time. If the court should ultimately determine that this property is subject to escheat, it will then have ample

authority to remove the present acting administrator, if the claim of the State thereto is meritorious. As the stricken allegations of the original application do not in any way limit the issues or prevent the State of Iowa from proceeding with the primary claim of its application, that the property of said Max Murray Bannon is subject to escheat, we are satisfied that the order appealed from does not so involve the merits or materially affect the final decision as to make the same an appealable order.

Appeals from interlocutory or intermediate orders should never be tolerated except in those rare instances wherein the disallowance of the appeal would, under the provisions of the Code, work to the prejudice of the appellant. The adoption of any other policy would operate to permit either party in litigation to unduly prolong the same by the prosecution of appeals from all interlocutory or intermediate rulings of the trial court.

For the reasons stated herein it follows that the order involved is not appealable, and the motion of appellee to dismiss must be and it is hereby sustained.—Appeal dismissed.

SAGER, C. J., and KINTZINGER, DONEGAN, and STIGER, JJ., concur.

RICHARDS, J., dissents.